STATE OF NEBRASKA V. WILLIAM W. LEEKINS.

FILED APRIL 10, 1908.   No. 15,580.

1. **Information: DUPLICITY: FORGERY.** Forging and fraudulently uttering and publishing the same instrument, if done by the same person, constitutes but one crime, which may be charged in a single count of an information.

2. **Criminal Law: LIMITATIONS.** An information setting forth forgery, and the uttering and publishing of the forged instrument by the same person, in separate counts, charges but a single offense, commonly called "forgery," which falls within the exception contained in section 256 of the criminal code.

3. ———: ———. In such a case, although it appears that the transaction occurred more than three years before the commencement of the prosecution, the so-called second count of the information, which sets forth the fact of uttering and publishing the forged instrument, is not vulnerable to a general demurrer as being barred by the statute of limitations.

ERROR to the district court for Nemaha county: JOHN B. RAPER, JUDGE. *State's exceptions sustained.*

*H. A. Lambert,* for plaintiff in error.

*E. Ferneau, contra.*

BARNES, C. J.

At the October, 1907, term of the district court for Nemaha county an information was filed against one William W. Leekins, hereafter called the defendant, containing four counts. The first count charged him with having forged an order for the sale and purchase of certain nursery stock of the value of $150 on the first day of September, 1903, and by the second count he was charged with having, on the same day and at the same time, uttered the forged order by delivering the same to the Titus Nursery Company, thereby obtaining from said company the sum of $30 in money. The third count charged the defendant with forging another order for the sale and purchase of nursery stock of the value of $130 on the 21st of August, 1903, and by the fourth count he was charged with having uttered said order, on the same day and at the same time, by delivering the same to said nursery company, and obtaining from said company thereby the sum of $26 in money. Each of the several counts were sufficient in form and substance, but it appeared on the face of the information that it was filed more than three years after the time when the offenses were alleged to have been committed. For that reason, a demurrer was interposed by the defendant to the second and fourth counts, which was sustained, and the state prosecutes error.

It is the state's contention that uttering a forged instrument is not a crime distinct and separate from that of forgery, and is within the exception contained in section 256 of the criminal code, which reads in part as

follows: "No person or persons shall be prosecuted for any felony (treason, murder, arson and forgery excepted), unless the indictment for the same shall be found by a grand jury, within three years next after the offense shall have been done or committed." The briefs of the parties contain a more or less exhaustive discussion of this matter, but as we read the record that question, so far as it applies to this case, has been fully settled and determined in *In re Walsh,* 37 Neb. 454. That case was an application for a writ of habeas corpus by one Fred Walsh. It appeared that at the May term, 1892, of the district court for Douglas county an information was filed against the petitioner which contained two counts, the first of which charged that the petitioner on the 12th day of April, 1892, in the county of Douglas, unlawfully and feloniously did falsely make, forge and counterfeit a certain bank check calling for the sum of $45.60, with intent to defraud. A copy of the instrument was set out in the information. The second count charged the petitioner with feloniously uttering and publishing, as true and genuine, the said false, forged and counterfeit bank check described and set out in the first count, he at the time knowing the same to be false, forged and counterfeited. The petitioner was arraigned, pleaded guilty, was sentenced by the court upon the first count to confinement in the penitentiary at hard labor for the period of one year from and after the 9th day of May, 1892, and upon the second count a like imprisonment was imposed for the term of one year from May 9, 1893. After the expiration of his first sentence he presented his petition to this court for a discharge on habeas corpus on the ground that the second sentence was illegal and void. The writ was allowed, and, among other things, it was said in the opinion: "There is another reason why the imprisonment of the petitioner was illegal. The information, although it contains two counts, charges but a single offense, yet the accused has been sentenced to two separate terms of imprisonment, one term for falsely making a

bank check, and another term for fraudulently uttering the same instrument. From the information itself it appears that the check described in the second count as having been fraudulently uttered by the petitioner was the same instrument as that described in the first count as having been forged by him. Both acts were parts of the same transaction, and constituted but one crime, and the court had no power to impose separate sentences upon each count." Indeed, it has been often held that where a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a phase of the same offense, they may be coupled in one count. In this case the forging of each of the orders described in the information, with intent to defraud, constituted a distinct offense, and the uttering and publishing of such order by another than the one forging it, with knowledge that the same had been forged and counterfeited and with intent to defraud, would also constitute a distinct and separate offense. For each offense, unconnected with the other and committed by different persons, an information would lie. Yet, both having been perpetrated by the same person, at the same time, they constitute but one offense, for which one count describing the whole transaction would have been sufficient. The mere fact that the transaction was described in two counts in the information cannot avail to charge the defendant with two separate crimes. This rule seems to be supported by *Johnston v. Commonwealth,* 85 Pa. St. 54; *In re Snow,* 120 U. S. 274; *Woodford v. State,* 1 Ohio St. 427; *Hinkle v. Commonwealth,* 4 Dana (Ky.), 519; *Commonwealth v. Eaton,* 15 Pick. (Mass.) 273; *Devere v. State,* 5 Ohio C. C. 509; *State v. Egglesht,* 41 Ia. 574. In *Devere v. State, supra,* the prisoner was indicted in two counts, one charging her with the forgery of a promissory note, and the other with uttering and publishing the same instrument. A verdict of guilty was rendered on both counts, and she was sentenced by the court to confinement in the penitentiary for five years under the

first count, and a like term under the second count; the last term to commence at the expiration of the first. She prosecuted error to the circuit court, where it was held, under a statute relating to forgery almost like our own, that the false making and the fraudulent uttering of the same instrument by the same person constitute a single offense, and subject the guilty party to but one penalty. It is settled beyond question that a demurrer will not lie to a part or a paragraph of an information charging a single offense. The first and second counts of the information in the case at bar charge but one offense, to wit, the crime of forgery, which is within the exception contained in the statute of limitations. Therefore, the district court erred in sustaining the demurrer to the so-called second count; and the same rule applies to the fourth count of the information.

This view of the case dispenses with the necessity of deciding whether the charge of uttering and publishing a forged instrument by one other than the person forging it falls within the exception contained in section 256 of the criminal code, and we decline, at this time, to determine that question.

For the foregoing reasons the state's exceptions are

SUSTAINED.