STATE OF NEBRASKA, APPELLEE, V. RICHARD D. SNYDER, APPELLANT.

146 N. W. 2d 67

Filed October 28, 1966. No. 36305.

Richard D. Snyder, pro se.

Clarence A. H. Meyer, Attorney General, Richard H. Williams, and Lester R. Seiler, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MANASIL, District Judge.

WHITE, C. J.

This is a proceeding by motion under the Post Conviction Act, sections 29-3001 to 29-3004, R. S. Supp., 1965.

On June 22, 1965, a complaint was filed charging the defendant with rape and assault with intent to commit rape on June 19, 1965. A hearing was held before the county judge on June 22, 1965, in which the defendant was represented by counsel, and he entered a plea of not guilty to both counts of the information. On July 19, 1965, defendant, with counsel, appeared in county court and waived preliminary hearing, and defendant was bound over for trial to the district court. On July 30, 1965, defendant appeared in district court with counsel and moved that the court order the defendant be

given a psychiatric examination, and the court so ordered. Defendant was examined at the Hastings State Hospital and a copy of the report was sent to the court, the county attorney, and the defense counsel. On August 20, 1965, defendant appeared in court with his counsel, waived the reading of the information, and pleaded guilty to Count I (rape) of the information. After a presentence investigation, defendant appeared with counsel before the court on August 27, 1965, and was sentenced to 12 years in the Nebraska Penal and Correctional Complex.

The district court held that the motion and the files and records in the case showed that the petitioner was entitled to no relief. See § 29-3001, R. S. Supp., 1965. This appeal followed.

Defendant alleges that upon his arrest and interrogation he was never advised of his right to remain silent and to consult with an attorney, and contends he was questioned in the psychiatric examination without the assistance of counsel. The record shows that at every stage of these proceedings defendant was represented by counsel. Although he asserts he was interrogated at some time subsequent to his arrest without being advised as to his right to remain silent and have the assistance of counsel, there is nothing in the record whatsoever to indicate that the result of any interrogation was ever used against the defendant at any stage of the proceeding. He voluntarily pleaded guilty with the assistance of counsel and he had counsel represent him throughout the proceedings from some time prior to his arraignment in county court. The otherwise valid conviction of a defendant properly represented by counsel in a criminal case is not rendered void or voidable solely because at a pretrial police interrogation, the defendant was denied counsel, and was not warned of his obsolute right to remain silent. State v. Silvacarvalho, *ante* p. 755, 145 N. W. 2d 447.

The defendant argues that he was denied counsel at

a "critical stage in the proceedings," during the taking of a psychiatric examination. The record shows that this examination was ordered by the court on the request of the defendant in open court with his counsel present. The proper rule is that, once a defendant, under the advice of counsel, requests or submits to an examination by court-appointed psychiatrists, he is not constitutionally entitled to the presence of his counsel at the examination. In re Spencer, 63 Cal. 2d 400, 46 Cal. Rptr. 753, 406 P. 2d 33 (1965). See, also, Durst v. Superior Court of Los Angeles County, 222 Cal. App. 2d 447, 35 Cal. Rptr. 143, 7 A. L. R. 3d 874 (1963). There is no merit to this contention.

The records and files in this case establish that the defendant is entitled to no relief. The sentencing court has discretion to adopt reasonable procedures for determining what the motion and the files and records show, and whether any substantial issues are raised before granting a full evidentiary hearing. State v. Woods, *ante* p. 282, 142 N. W. 2d 339; State v. Silvacarvalho, *supra*.

Post conviction remedies are intended for those cases where a miscarriage of justice may have occurred, and not to secure routine review for any defendant dissatisfied with his sentence. State v. Clingerman, *ante* p. 344, 142 N. W. 2d 765; State v. Silvacarvalho, *supra*.

The judgment of the district court is correct and is affirmed.

AFFIRMED.