STATE OF NEBRASKA, APPELLEE, V. ROBERT D. FOWLER, APPELLANT.

154 N. W. 2d 766

Filed December 1, 1967.    No. 36667.

Donald H. Bowman, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a post conviction proceeding. Defendant was convicted on his plea of guilty to a forgery charge. He

was represented by an attorney appointed by the court at both his preliminary hearing and his appearance in the district court.

In the present proceeding, defendant charges that there was an infringement of his constitutional rights in that prejudicial statements were elicited from him by the police in the interim between his arrest and his appearance for a preliminary hearing. He contends that prior to such questioning, he was not informed of his constitutional rights and upon request was denied an opportunity to obtain counsel.

At the time of defendant's appearance in the district court, his constitutional rights were carefully and conscientiously explained to him in the presence of his attorney and were waived with the advice and consent of his attorney. The plea of guilty was then entered. Sentence was temporarily suspended until a presentence investigation could be made following which sentence was pronounced.

It is the contention of the defendant that under these circumstances, the court erred in refusing to give him an evidentiary hearing in the present proceeding. The following rules of law have been repeatedly laid down by this court: "The otherwise valid conviction of a defendant properly represented by counsel at a criminal trial is not rendered void or voidable solely because at a pretrial police interrogation, the defendant was denied counsel, and was not warned of his absolute right to remain silent. * * * Pretrial interrogation of a criminal suspect by police, without warning him of his constitutional right to remain silent, and without granting his request for counsel, does not constitute prejudicial error, in the absence of proof that a confession, admission, or statement obtained from the defendant as a result of such interrogation was used in evidence at the trial. * * * Under the Post Conviction Act, the sentencing court has discretion to adopt reasonable procedures for determining what the motion and the files and records

show, and whether any substantial issues are raised before granting a full evidentiary hearing." State v. Silvacarvalho, 180 Neb. 755, 145 N. W. 2d 447. See, also, State v. Snyder, 180 Neb. 787, 146 N. W. 2d 67; State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217; State v. Decker, 181 Neb. 859, 152 N. W. 2d 5.

It is clear that on the record in this case, the defendant's allegations were not sufficient to entitle him to an evidentiary hearing and the judgment of the district court should be affirmed.

AFFIRMED.