STATE OF NEBRASKA, APPELLEE, V. IRVIN LEON COOPER, APPELLANT.

157 N. W. 2d 412

Filed March 22, 1968. No. 36603.

Michael J. Dugan, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The defendant, pleading guilty, was sentenced to 10 years for robbery and now, in this post conviction proceeding, asserts he was entitled to an evidentiary hearing on his allegations that the guilty plea was coerced because he had previously given a confession obtained in violation of his Fifth Amendment rights promulgated in Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974. He also asserts he was not advised of the consequences of his plea and the penalty involved.

The record conclusively refutes these contentions. The defendant was arraigned in the Omaha municipal court on May 2, 1966, and by his own admission in his motion, his constitutional rights were explained to him. On May 4, 1966, he was represented by counsel at his arraignment in district court, his constitutional rights were explained to him, and he pleaded guilty. The record shows an exhaustive and cautionary interrogation by the district judge at this time. On May 24, 1966, represented by counsel, defendant appeared for sentencing. As a further precaution the district judge informed the defendant, "* * * of the nature of his said plea, of the consequences thereof, and of the penalty attached by law thereto; and, after being thus advised and instructed, the said defendant still adheres to his said plea of guilty and says he desires to stand thereon." No confession or statements of the defendant of any nature whatsoever were used against him at any time. The record stands

undenied and uncontradicted. It requires no further elaboration.

When a defendant voluntarily and understandingly pleads guilty with full knowledge of his constitutional rights and has been informed of the consequences of his guilty plea, said plea is conclusive and it is immaterial whether or not he gave a prior confession or statement without being advised of his right to remain silent, of his right to counsel, and that his statements could be used against him; and this is particularly true where the alleged coerced confession was not used against him. State v. Fowler, *ante* p. 333, 154 N. W. 2d 766; State v. Losieau, 180 Neb. 671, 144 N. W. 2d 406; State v. Snyder, 180 Neb. 787, 146 N. W. 2d 67; United States v. French, 274 F. 2d 297; Jones v. State of Florida (Fla. App.), 165 So. 2d 191; Williams v. State of Florida (Fla. App.), 186 So. 2d 279; Waley v. Johnston, 316 U. S. 101, 62 S. Ct. 964, 86 L. Ed. 1302; United States ex rel. Perpiglia v. Rundle, 221 F. Supp. 1003; Harding v. State of Montana (Mont.), 424 P. 2d 130. There must be proof that a confession, admission, or statement was used in evidence against him. State v. Fowler, *supra.*

And where the record shows, as here, that a defendant had counsel who appeared with him in open court when he entered his plea of guilty, that when sentenced, he was advised of the effect thereof and the penalty attached, and after being cautioned, elected to stand on his plea of guilty, he cannot be heard to complain that he was deprived of his constitutional right to a warning of the consequences of his plea of guilty. State v. Losieau, *supra.*

We note that the plea entered herein was prior to the effective date of Miranda v. Arizona, *supra.* However, since we are disposing of this case on the record we assume that the maximum reach of defendant's allegations invoked his pre-Miranda rights with respect to the alleged coerced confession. And we also note the absence of an allegation that he was not guilty. In the absence

of such an allegation, defendant's claim becomes a mere ritualistic contention. See United States v. French, *supra*. After representation by at least two attorneys, and after a repeated and exhaustive warning of all of his rights on two occasions, the defendant pleaded guilty, and then after being cautioned again, elected to stand on his plea. There is utterly no merit to his petition as the record conclusively demonstrates.

The judgment of the district court is correct and is affirmed.

AFFIRMED.