PER CURIAM.
Appellant seeks reversal of an order denying his motion for post-conviction relief brought pursuant to Criminal Procedure Rule 1.850, 33 F.S.A. By this proceeding appellant seeks to have set aside a judgment of conviction and sentence based upon a jury verdict finding him guilty of rape, with a recommendation of mercy.
By his motion for relief appellant contends, among other things, that he was afforded inadequate representation by counsel appointed by the court to defend him against the charge for which he was indicted. This court judicially knows that the attorney appointed by the court to represent appellant is one of the most experienced and highly respected practitioners in the field of criminal law in Duval County. Whether he called as many witnesses as appellant thought he should, or engaged in as extensive an examination and cross-examination of witnesses as appellant felt he should, are all matters of trial tactics to be employed in accordance with the discretion and judgment of the attorney. The record does not sustain appellant’s contention that the representation he received was inadequate or deprived him of a fair and impartial trial.
Appellant further contends that the in-court identification made of him by the State’s witnesses was tainted and should have been held inadmissible because his attorney was not notified or permitted to be present when a pretrial photographic identification was made of him by the State’s witnesses. This is a matter which, if erroneous, should have been and presumably was challenged on appeal from the judgment of conviction and sentence. Appellant’s appeal was affirmed by this court, thereby laying at rest all alleged errors which were assigned or could have been assigned in an attack on the original judgment of conviction. Such matters are not grounds for collateral attack in post-conviction proceedings.
*747 Careful consideration has been’given to the remaining points of appellant hut after full consideration we find that he has failed to demonstrate reversible error. The judgment of the lower court is accordingly affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K, and RAWLS, JJ., concur.