STATE OF NEBRASKA, APPELLEE, v. HAROLD HUFFMAN, APPELLANT.

186 N. W. 2d 715

Filed May 7, 1971. No. 37802.

Harold Huffman pro se.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is a post conviction proceeding under the provisions of sections 29-3001 to 29-3004, R. S. Supp., 1969.

Defendant Huffman had been convicted by a jury in the district court for Hall County on four counts. Count I was for forgery of a $42 check. Count II was for uttering the same check. Count III was for forgery of a $15 check. Count IV was for uttering the $15 check. Following the jury verdict, evidence was received on Count XI which charged the defendant with being a habitual criminal and the defendant was found to be a habitual criminal. The record in that case discloses four prior felony convictions. The district court sentenced the defendant as follows: On Count I, 20 years and a fine of $1; on Count II, 20 years and a fine of $1; and on Count III, 20 years and a fine of $1. All of the above sentences were to run concurrently and to commence upon the completion of a sentence as a result of a 1966 conviction. On Count IV, the defendant was sentenced to a term of 22 years commencing forthwith.

The defendant appealed the convictions to this court and the judgment of the trial court was affirmed. State v. Huffman, 185 Neb. 417, 176 N. W. 2d 506.

The defendant Huffman, on April 24, 1970, filed in the district court for Hall County a motion to vacate and set aside these sentences and convictions. The district court appointed counsel for the defendant and set the matter for evidentiary hearing. Process was issued for witnesses. Hearing was held at which the defendant

was represented by counsel and both the defendant and the State produced evidence. The district court took the matter under advisement and then made detailed findings of fact and law and overruled the motion. The defendant appeals to this court.

In his brief the defendant makes 18 assignments of error. Most of the grounds stated in the motion and the assignments of error involve questions which were or could have been raised on the direct appeal. A defendant in a post conviction proceeding under sections 29-3001 to 29-3004, R. S. Supp., 1969, may not raise questions which could have been raised on the direct appeal and which do not involve questions making the judgment of conviction void or voidable under the state or federal Constitutions. State v. Reizenstein, 183 Neb. 376, 160 N. W. 2d 208; State v. LaPlante, 185 Neb. 816, 179 N. W. 2d 110. We therefore take note only of those matters assigned which involve possible constitutional infringements.

The principal ground of the defendant's complaint and the only one on which he introduced evidence at the evidentiary hearing involves the claims the substance of which are that the State knowingly used the false and perjured testimony of one Faye Boersen and that there existed a conspiracy between the law enforcement officials of two counties to wrongfully convict the defendant of the charges.

At the trial before the jury the chief witness against the defendant was Faye Boersen, who was his consort and his accomplice in the alleged crime. Faye Boersen will hereafter be referred to as the witness.

At the post conviction hearing the court received in evidence on behalf of the defendant a machine copy of an alleged affidavit of the witness in which she purportedly recants the testimony given at the trial and states it was "in fact, false and perjured testimony" given under coercion by the county attorneys of two counties and that the testimony was also "the product of

mistaken memory in this matter." The purported affidavit recites, among other things, that she was told what to say; that she would be prosecuted on check charges if she did not testify as told; and that she could be "sentenced * * * to a total of (200) two hundred years and maybe more if Hall County decided to prosecute me for Bigamy." The purported affidavit recites that she alone was responsible for the forgeries and the utterings. The affidavit further recites: "I am giving this Recantation at this time and have not told me what to say herein, as this Recantation has been prepared for me by my attorney, (naming him)." The evidence disclosed that the attorney named in the affidavit as the witness' attorney was severely ill on the purported date of the affidavit, April 21, 1969, and had not represented her after about the middle of March. It also discloses that neither that attorney nor the attorney representing her at the evidentiary hearing, a member of the same law firm, prepared the affidavit.

The defendant Huffman claims that this copy of the affidavit was mailed to him at the state penitentiary.

At the evidentiary hearing the witness unequivocally denied that she had signed or made the affidavit or had sent the copy of the affidavit to the defendant. She admitted her complicity in the offenses of which the defendant was convicted and on cross-examination by the defendant's attorney acknowledged that she had been promised immunity and that this promise had been kept. Further, in response to a suggestion by the defendant's counsel, "the next day you decided it was Harold who wrote the checks at Conoco?" the witness stated, "No, because I know he wrote them," and "No, I decided to tell the truth."

The witness acknowledged that she had earlier told a contradictory story to the sheriff of Hamilton County at the time of her arrest, but later after a polygraph test told the truth. At the time of this test and the promise of immunity she was represented by her own

counsel, since deceased, but who was a member of the same firm as her present attorney.

The copy of the affidavit, exhibit 1 in the bill of exceptions, is dated April 21, 1969. The witness testified she did not see the notary, who works in the Hall County sheriff's office, on that date and was not in the Hall County jail at that time. Neither the defendant nor the State called this notary as a witness. No reason appears in the record.

The purported affidavit has what appears to be the filing mark of the clerk of the district court of Hall County. However, the evidence discloses that the original affidavit is not in the file in case No. 3877, Hall County, nor is there a duplicate in the transcript in this court. The appearance docket in the office of the clerk of the district court of Hall County contains no filing entry for such an instrument.

On behalf of the defendant an affidavit of one Burnside, an associate of the defendant, was received in evidence. It recites that the witness told Burnside that she and not the defendant forged and passed the checks. The witness denied this and other actions attributed to her in the affidavit of Burnside.

The witness was represented by her own counsel throughout the evidentiary hearing and in response to questions by him testified that everything she said at the trial and at the evidentiary hearing was the whole truth.

The district court, after the post conviction hearing, found: "The so-called recantation is not an original, was denied by the witness Faye Boersen, and although it purports to have been filed on April 21, 1969, seven days before Defendant was sentenced, it does not appear in the court files or records. Although inquiry was made of the Defendant prior to sentencing, neither Defendant nor his counsel made any reference to the alleged recantation. The court finds that the alleged recantation is

itself a forgery and composite of other papers and instruments."

A post conviction proceeding is civil in nature. § 29-3001, R. S. Supp., 1969. The burden is upon the defendant to establish that the prosecution knowingly used perjured or false evidence in securing the conviction of the defendant. State v. Howard, 182 Neb. 411, 155 N. W. 2d 339. The jury at the trial accepted the testimony of the witness. The district judge in the post conviction proceedings accepted as true her testimony. Under the evidence in this case we see no reason to disturb the finding of the district court in this respect. The statements of the defendant at the sentencing clearly show that the defendant's basic dissatisfaction was the length of the sentence. Post conviction proceedings are not intended to secure a review for a defendant dissatisfied with the length of his sentence. State v. Snyder, 180 Neb. 787, 146 N. W. 2d 67.

The defendant further contends that he was at the trial deprived of the effective assistance of counsel because his attorney was incompetent. An examination of the record in that case shows that the defendant was vigorously defended by competent counsel in an able manner.

The defendant contends that he has been placed in double jeopardy because Counts I and II involve but one instrument and transaction and constitute one crime only. He contends likewise to Counts III and IV. He cites State v. Leekins, 81 Neb. 280, 115 N. W. 1080. That case does hold that forging and fraudulently uttering the same instrument if done by the same person constitute but one crime and only one sentence may be imposed for such offense. This court has so held in In re Walsh, 37 Neb. 454, 55 N. W. 1075, and Marshall v. State, 116 Neb. 45, 215 N. W. 564. The State in this case substantially concedes in its brief that only one sentence may be imposed on Counts I and II and one sentence on Counts III and IV.

· It does not follow, however, and the State does not concede, that the defendant has been placed in double jeopardy. In such case where two equal concurrent sentences have been imposed, one may be regarded as surplusage and vacated. United States v. Goldman, 352 F. 2d 263. We cannot tell from the record whether or not the sentences on Counts III and IV will terminate at the same time. One concurrent 20-year sentence and the 22-year sentence therefore will be vacated. The other two concurrent 20-year sentences are affirmed.

AFFIRMED AS MODIFIED.

WHITE, C. J., not participating.