STATE OF NEBRASKA, APPELLEE, V. ARMAND EDWARD
MASON, APPELLANT.

193 N. W. 2d 576

Filed January 14, 1972. No. 38076.

John W. Carlson, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold
S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is a post conviction appeal from the overruling
of a motion to vacate and set aside a conviction on a
guilty plea. Defendant was accorded a hearing on his
allegation of unlawful arrest, unlawful lineup, use of
illegally obtained evidence, ineffective counsel, and the
entry of a plea under a misapprehension of the case in
which the plea was tendered, and consequently that the
plea was not made knowingly, voluntarily, intelligently,
and understandingly. We affirm.

A plea of guilty embodies a waiver of every defense
to the charge, whether procedural, statutory, or consti-
tutional. State v. Turner, 186 Neb. 424, 183 N. W. 2d
763. If, therefore, defendant's plea was understandingly
and voluntarily made, he has waived his other alleged
defenses except that of ineffective counsel. In view of
the position we take on the record herein, we consider
only the voluntariness of the plea and effectiveness of

counsel. In passing, however, we note the alleged improper confrontation is based upon United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149, which was decided June 12, 1967. Defendant's plea was entered on April 27, 1967. Wade is not retroactive. Stovall v. Denno, 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199. That defense was unavailable if defendant had gone to trial.

Defendant was arrested January 23, 1967, in Lincoln, Nebraska. With two others, Oziah and Hunter, he was charged in Gage County with robbery from the persons of Arlin F. Blome and Dorothy Blome, husband and wife. He was transferred to Gage County and on January 24, 1967, counsel was appointed for him. The facts of the robbery are described in State v. Oziah, 186 Neb. 541, 184 N. W. 2d 725. Defendant, on arraignment, pled not guilty. After Oziah's conviction and sentence of 15 years and Hunter's plea of nolo contendere and sentence of 12 years, defendant, who had a previous record, visited with his attorney about changing his plea from not guilty to guilty. This was done, and defendant was sentenced to 10 years in the Nebraska Penal and Correctional Complex.

Defendant's main contention is that he entered his guilty plea under a misapprehension as to the charge to which he was pleading. He now states he thought he was pleading guilty to the information for armed robbery of Dorothy Blome, when in fact he pled guilty to the information for armed robbery of Arlin F. Blome, both of which occurred in the same house at the same time. After the acceptance of his plea, the county attorney dismissed the information for the robbery of Dorothy Blome.

Defendant premises his claim for relief not on a claim of innocence but on his allegation that Arlin F. Blome's case was much the weaker one because of Arlin's failure to effectively identify him at the preliminary hearing. In this respect, defendant's testimony is in conflict with

that of his trial counsel. His trial counsel testified that Arlin F. Blome did positively identify the defendant but that in his opinion his cross-examination of Arlin F. Blome cast some doubt upon that positive identification. He also testified that he was not able to raise any doubt relative to Dorothy Blome's in-court identification of the defendant.

We find it difficult to believe that defendant had the slightest doubt as to the charge to which he pled guilty. The information was read to the defendant by the deputy county attorney. This information identified the offense as follows: "* * * feloniously and forcibly and by violence and by putting in fear, take from the person of Arlin F. Blome, money of value and property of value with intent to rob and steal." The following from the rearraignment proceedings should also raise a serious doubt as to defendant's present testimony: "THE COURT: Court will now ask you as to how you plead — DEFENDANT: (Interposing) Guilty, your Honor. THE COURT: Just a minute. (continuing) — as to how you plead to the charge in the for which allegation, that on January 22nd, 1967, in the County of Gage, State of Nebraska, defendant feloniously, forcibly and by violence and by putting in fear, take from the person of Arlin F. Blome money of value and property of value with the intent to rob and steal, guilty or not guilty? DEFENDANT: Guilty, your Honor."

It is noteworthy that defendant's motion to vacate and set aside sentence, which he drew himself, did not include this particular allegation. It was not until after counsel was appointed for the post conviction hearing, and counsel obtained leave to amend the motion, that this allegation was included. Defendant's trial attorney testified there was no question in his mind but that defendant was pleading to the charge of robbing Arlin F. Blome. In any event, even if Arlin F. Blome was weak on his positive identification of defendant, if defendant had been tried on that charge, Dorothy Blome's

testimony would still have been admissible against him. She was the one who opened the door when the defendant and his two accomplices forced their entrance into the Blome home.

The defendant has not proved that he was confused regarding the charge to which he was pleading. It is apparent that this is an afterthought because the other charge was dismissed after his plea was accepted. We find the record herein adequately demonstrates that defendant's plea was understandably and voluntarily entered.

Defendant now contends that his counsel was ineffective. The record indicates that his counsel had served 2 years as an assistant United States attorney in Alaska, and there had basic responsibility for criminal prosecutions. When he returned to Nebraska he was appointed as county attorney of Gage County and served in that capacity for 6 years. While most of his experience has been as a prosecutor, there can be little question he was familiar with criminal procedures. The rule is well established in this jurisdiction for post conviction relief on the ground of ineffective assistance of counsel, it must appear that counsel's assistance was so grossly inept as to shock the conscience of the court. State v. Moss, 185 Neb. 536, 177 N. W. 2d 284. This definitely was not the situation herein. Defendant understood his position and was interested in obtaining as much consideration as possible on his sentence. He was sentenced to 10 years when the maximum sentence for the offense was 50 years. This was a lighter sentence than those received by his accomplices and in view of defendant's record, and the nature of the offense, a lenient one.

Defendant's motion to vacate was properly denied.

AFFIRMED.