**Roy M. HARRELL, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. A–17212.**

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

Roy M. Harrell, pro se.

Larry Derryberry, Atty. Gen., for respondent.

BUSSEY, Presiding Judge:

This is an appeal from the denial of post conviction relief in the District Court of Tulsa County, Case No. CRF–69–246, wherein the trial court, after reviewing the records, made findings of fact and conclusions of law, which findings of fact and conclusions of law are supported by the record and adopted by this Court and appended hereto.

For the reasons therein stated, the trial court's denial of post conviction relief is affirmed, and Petitioner is advised that he has now exhausted all of his state remedies.

SIMMS, J., concurs.

BRETT, J., concurs in result.

APPENDIX

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY STATE OF OKLAHOMA

State of Oklahoma, Plaintiff,

—vs—

Roy M. Harrell, Defendant.

No. CRF–69–246

**462**

ORDER DENYING POST-CONVICTION RELIEF

This matter comes on for hearing on the application of Roy M. Harrell for Post-Conviction Relief and the response filed by the State.

The court having read said application and response and having examined the files and records in this case, and being fully informed in the premises, and on consideration thereof,

Finds:

1. The defendant was represented by appointed counsel at all stages of the proceedings.

2. This matter involves a question of law only and does not require an evidentiary hearing or the appointment of counsel.

3. The defendant perfected an appeal from the judgment and sentence to the Court of Criminal Appeals, which court by written opinion affirmed his conviction (A–15862).

■ The court further finds that the defendant's application for Post-Conviction Relief raises no question which could not have been raised on the direct appeal and does not raise any matter which would make the judgment of conviction void or voidable under the State or Federal Constitutions. See: State v. Huffman, 186 Neb. 809, 186 N.W.2d 715 (1971); State v. Lincoln, 186 Neb. 783, 186 N.W.2d 490 (1971); People v. Ward, 48 Ill.2d 117, 268 N.E.2d 692 (1971); Wood v. State 206 Kan. 540, 479 P.2d 889 (1971); Powell v. State, 244 So.2d 746 (Fla.App.1971); Orricer v. State, 181 N.W.2d 461 (S.D.1970).

■ The court further finds that the rule of res judicata barred the claims which the defendant either had raised or could have but failed to raise during his trial or on his appeal. See: People v. Ikerd, 47 Ill.2d 211, 265 N.E.2d 120 (1970); Cantrell v. State, 206 Kan. 323, 478 P.2d 192 (1970); Miller v. State, 82 N.M. 68, 475 P.2d 462 (1970).

It is therefore ordered and adjudged that post-conviction relief be denied and that the application of Roy M. Harrell be, and the same hereby is dismissed.

Done in open court this 22nd day of September, 1971.

(s) Wm. W. Means

W. W. MEANS, District Judge

CERTIFICATE OF MAILING

I hereby certify that on the date as shown by the filing stamp hereon, I mailed a true and correct copy of the above instrument to:

Roy M. Harrell
No. 79940
Box 97
McAlester, Oklahoma 74501

(s) Ted Flanagan