STATE OF NEBRASKA, APPELLEE, v. LEO W. CLIFTON, APPELLANT.

193 N. W. 2d 558

Filed January 21, 1972. No. 38155.

Leonard Dunker and Dean & Badami, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Defendant was charged in the trial court with operating on July 21, 1970, a motor vehicle while under the influence of alcoholic liquor and that this was his third offense.

On October 20, 1970, he appeared with his counsel, was arraigned, and entered a plea of not guilty. On November 24, 1970, through his attorney he moved to suppress certain evidence as follows: (a) Admissions of the defendant of drinking; (b) all statements made by the defendant after his arrest as well as and including all tests of a physical nature performed by the defendant at the requests of the officers; and (c) urine specimen. The sole grounds of the motion to suppress was the allegation that "The officers failed to advise the defendant of his right to counsel pursuant to . . . (citing authorities)." No other factual allegations of any kind were set forth in the motion. A hearing was held on the motion on November 27, 1970, at which time no evidence was presented but the following stipulation was entered into: "If the defendant, Leo W. Clifton, would testify he would testify that at the time of his arrest he was not given the Miranda warnings pursuant to the case of Miranda v. Arizona; . . . That if the police

officers, the arresting officers, were to testify they would testify they did not give the defendant, Leo W. Clifton, the Miranda warnings, nor did Mr. Clifton request an attorney." It will be observed that the stipulation is somewhat broader than the motion in that it encompasses not only the failure to advise of right to counsel but the much broader scope of all warnings required by Miranda. However, it is also to be noted it does not appear from the stipulation that at the time of the admissions, whatever they may have been, the defendant was in custody. Nor does the stipulation negative the possibility that the statements may have been volunteered and therefore not within the scope of Miranda. The trial court denied the motion to suppress.

Thereafter on February 1, 1971, the defendant appeared with his attorney and indicated to the court that he wished to waive a jury trial and be tried by the court. At that time the court explained to the defendant the effect of such a waiver. The defendant reiterated his desire to waive a jury trial.

On March 17, 1971, the defendant again appeared with his attorney and at that time asked leave to withdraw his plea of not guilty. The court by interrogation of the defendant determined he had not been incarcerated but had been out on bond; he had had every opportunity to talk to his lawyer that he wanted; he was fully advised concerning the withdrawal of the plea; and this is what he wanted to do. The court granted leave to withdraw the not guilty plea.

The defendant was rearraigned in the presence of his attorney. The information was read in full and the defendant, who reads English, followed along on a copy of the information as it was read. He was meticulously interrogated by the court as to whether he understood the charge. He said he did. He was asked how he intended to plead and he responded, "I am guilty." He was asked about the allegations of the two prior convictions of driving while intoxicated and he acknowledged

he had been twice convicted of the charge. The court carefully and fully explained to him all the rights which he would waive by a plea of guilty and what the effect of such a plea would be, including the fact the penalty for the offense was a term in the correctional complex for a term of 1 to 3 years. The court asked him whether any law enforcement officer had used any force, violence, or threats to make him plead guilty against his will. He acknowledged they had not. He likewise acknowledged no promises had been made to him to induce him to plead guilty. The court ascertained from the defendant that his counsel was retained privately, that counsel had advised him of his rights, and that counsel had performed satisfactorily as far as the defendant was concerned.

The court inquired of counsel as to whether he felt the guilty plea was voluntary and intelligently made and with awareness as to the consequences. The attorney answered affirmatively. The court put to counsel this question: "From your investigation of the facts, and your knowledge of the law, do you think the plea which he is making is consistent with the facts and the law as you know it?" The attorney answered: "Yes, sir, I do."

The defendant was asked how he pled to the information and he responded, "Guilty."

Presentence investigation was made and on April 28, 1971, defendant was again present with his counsel and was afforded the right of allocution which he declined to use. His attorney made a plea for probation. The court imposed sentence upon the defendant of 1 year's confinement in the penal complex, ordered him not to drive from the date of sentence until 1 year after he was discharged from his sentence, and revoked his motor vehicle operator's license.

The defendant appeals and assigns as error: (1) The overruling of the motion to suppress; and (2) the refusal of the court to suspend sentence and grant probation.

We affirm the judgment of conviction and the sentence.

A plea of guilty voluntarily and intelligently made waives any violation of known constitutional rights which may have preceded the plea. Here the plea was clearly voluntarily and intelligently made and the defendant and his attorney clearly knew of the failure of the police officers to give the Miranda warnings. For reasons best known to the defendant and his counsel he elected not to further assert his rights under Miranda in a trial below and if necessary in this court. There is nothing in the record to establish that the failure of the court to suppress (assuming but not holding that it should have been suppressed) the evidence induced the guilty plea. The record shows that admissions defendant may have made and results of the urine test were not used against him. His plea of guilty is under the circumstances here conclusive. State v. Cooper, 182 Neb. 765, 157 N. W. 2d 412; McMann v. Richardson, 397 U. S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763.

Suspension of sentence and granting of probation is discretionary with the trial court and in the absence of an abuse of discretion the trial court's determination will not be disturbed. State v. Jurgens, *ante* p. 557, 192 N. W. 2d 741. Section 29-2260, R. S. Supp., 1971, was not yet effective at the time of sentencing, but even applying its standards we cannot say there was an abuse of discretion. The presentence report shows a recent history of drunkenness, several moving traffic offenses in addition to the driving while intoxicated offenses, and one offense of malicious destruction of property. The trial court may well have concluded that repetition of the offense was probable or that incarceration was necessary or would be helpful in connection with the drinking problem.

AFFIRMED.