STATE OF NEBRASKA, APPELLEE, V. JEFFREY LYNN GRIGER,
APPELLANT.

208 N. W. 2d 672

Filed June 22, 1973. No. 38976.

Lee A. Larsen, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph
H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN,
NEWTON, and CLINTON, JJ.

CLINTON, J.

The defendant entered a plea of guilty to a charge of
robbery and was sentenced to a term of 5 to 15 years. He
appeals. We affirm.

The error assigned in the brief on this appeal is that
there was a privately made plea bargain between the
prosecutor and the defendant at a time when the de-
fendant was represented by counsel and without con-
sultation or knowledge of the defendant's counsel. It
is claimed that the prosecutor promised the defendant
would receive a flat 5-year term. The defendant con-
tends that any plea bargain made by the prosecutor with
the defendant binds the trial judge who accepts the plea.

Two obstacles stand in the way of the defendant's

success on this appeal. The record before us does not support the assignment of error. Secondly, no such error was assigned in the motion for new trial. A failure to assert an alleged error on motion for new trial will be deemed a waiver of the claimed error and need not be considered on appeal. State v. Stanosheck, 186 Neb. 17, 180 N. W. 2d 226; State v. Haile, 185 Neb. 421, 176 N. W. 2d 232.

The record shows that the defendant on October 20, 1972, appeared with counsel, was arraigned, and entered a plea of not guilty. On November 16, 1972, he again appeared with his attorney and asked leave to change his plea. On both occasions his various constitutional and statutory rights were explained to him in detail. On the second occasion before the court accepted the plea of guilty, proceedings occurred in open court which clearly contradict the defendant's claim of error and also show a clear waiver of error if it had occurred. We set forth verbatim portions of the record as follows:

"BY THE COURT: Mr. Griger, before I accept that, is this plea a result of plea bargaining between your court-appointed counsel and the county attorney's office with respect to any possible sentence? MR. GRIGER: I don't understand. MR. ARPS: I would like to say one thing, Your Honor. A couple of these boys, these four young men involved here, I have offered them a flat five years for this charge. I don't— It isn't really in the nature of plea bargaining, but it will be at least the recommendation from our office. But we recommend the Court give no more than five years on this man. BY THE COURT: Mr. Griger, do you understand that that's not binding on me? MR. GRIGER: Yes, sir. BY THE COURT: Even if the county attorney's office recommends five, if I determine that a longer sentence would be justified, I could impose it or likewise, if a shorter sentence should be justified, I could impose it. MR. GRIGER: Yes, sir. BY THE COURT: You clearly understand that, it's not binding on this

Court? MR. GRIGER: Right. BY THE COURT: Mr. Atkinson? MR. ATKINSON: Your Honor, one other thing that I promised Mr. Griger, that I would request of the Court that he be given the benefit of a pre-sentence investigation, which I'm sure— BY THE COURT: Well, I would indicate to you now that I would have a pre-sentence investigation before I sentenced you, but I want to— I want you to clearly understand that whatever your counsel and the county attorney's office have reached in the way of an agreement with respect to sentence isn't binding on me. MR. GRIGER: Yes, sir. BY THE COURT: You understand that? MR. GRIGER: Yes, sir. BY THE COURT: Mr. Griger, do you think that if you were to stand on your original plea and we went to trial, do you believe the State could prove the charge of robbery? MR. GRIGER: Yes, sir. BY THE COURT: They could prove the facts constituting the robbery charge? MR. GRIGER: Yes, sir. BY THE COURT: You're sure of that? MR. GRIGER: Positive. BY THE COURT: You're shaking your head? MR. GRIGER: Yes, sir. BY THE COURT: You're positive that they could. What's your education? MR. GRIGER: I graduated. BY THE COURT: From high school? MR. GRIGER: Yes, sir. BY THE COURT: Have you been confined in a mental institution in the last year? MR. GRIGER: No, sir. BY THE COURT: Have any mental problems that you know of? MR. GRIGER: No. BY THE COURT: Do you understand that by the plea of guilty, if it's accepted, that it would waive any defects that there might have been in the record up to now? MR. GRIGER: I don't know what you mean by that. BY THE COURT: Well, do you understand that if the Court accepts the plea of guilty, that after today you can't go back and say, 'Well, I didn't understand, you didn't advise me of this,' or 'I was told this.' You waive any defects that there may have been in the proceedings up to this point in time. MR. GRIGER: Yes, sir. BY THE COURT: Do you

understand that? MR. GRIGER: Yes, sir. . . . BY
THE COURT: I take it you've discussed this at some
length with Mr. Atkinson? MR. GRIGER: Yes, sir."

Following presentence investigation the defendant ap-
peared with counsel on December 15, 1972, for sentenc-
ing. At that time under questioning of the court he
acknowledged his prior plea of guilty, he was rein-
formed of the possible sentence, and he stated he had
no reason to give why sentence should not be pronounced.
The defendant's counsel then made a statement on the
defendant's behalf and referred to conversations be-
tween himself, the county attorney, and the defend-
ant as to the inducement to the plea.

The prosecutor then recommended to the court a flat
5-year sentence, stating that the recommendation was
the bargain which had been given for the plea of guilty.
The court then imposed sentence.

The record clearly establishes that the plea of the
defendant was knowing and voluntary. Such a plea
of guilty embodies a waiver of every defense to the
charge whether procedural, statutory, or constitutional.
State v. Mason, 187 Neb. 675, 193 N. W. 2d 576; State
v. Clifton, 187 Neb. 714, 193 N. W. 2d 558.

The contention of the defendant that the sentencing
court is bound by the sentence recommendations of the
prosecutor when these are part of a plea bargain is not
supportable. The reason is obvious for to so hold would
be to transfer the function of the court to the prose-
cutor.

To support his contention that there was a privately
made guarantee of a flat 5-year sentence by the prose-
cutor, defendant relies upon a purported affidavit made
by him which is printed in his brief. This purported
evidence does not appear in the record and will not be
considered by us on appeal. State v. Reed, 178 Neb.
370, 133 N. W. 2d 591. There is some evidence of a
hearsay nature, but unobjected to, that a private con-
versation did at some time take place between the

prosecutor and the defendant. If it did occur there is nothing to show when it occurred, what was said, or whether it was with the knowledge or consent of defendant's counsel. If there was a communication by the prosecutor with the defendant and if it occurred while defendant was represented by counsel and without consent of defendant's counsel, it was improper and unethical and a violation of the Code of Professional Responsibility which prohibits communications with one having an adverse interest and who is represented by counsel. Such action is to be strongly condemned. In any event defendant and his counsel made no issue of it prior to sentencing.

The record does not establish grounds for withdrawal of the plea of guilty and the trial court did not abuse its discretion. The record, as we have noted, establishes a knowing and voluntary plea of guilty and this waived preexisting errors, if any. State v. Mason, *supra;* State v. Clifton, *supra.*

AFFIRMED.