STATE OF NEBRASKA, APPELLEE, v. HARLEY L. MILLIGAN, APPELLANT.

238 N. W. 2d 906

Filed February 26, 1976. No. 40255.

Healey, Healey, Brown, Wieland & Burchard, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Pursuant to a plea bargain, defendant Harley L. Milligan pled guilty to a complaint for fondling a minor. He was sentenced to an indeterminate term of 1 to 3 years in the Nebraska Penal and Correctional Complex. Defendant's only assignment of error is abuse of discretion in not placing him on probation. We affirm.

In January 1970, defendant was arrested in Aberdeen, South Dakota, on six counts of indecent molestation of minors. He was sentenced to 2 years in the South Dakota Penitentiary. He served 45 days and then was granted a bench parole under supervision.

The present offense contained two counts, involving 9-year-old and 11-year-old boys. Count II was dismissed pursuant to the plea bargain. The presentence investigation indicates several offenses involving children since defendant came to Lincoln in August of 1973. Defendant concedes he is a homosexual and admits involvement with three boys, including the 9-year-old victim in the offense charged. In his visit with the probation officer he said: "I actually feel the boy solicited me far more than I solicited him."

Defendant's counsel argues the trial court clearly abused its discretion in failing to recognize the best interests of society and defendant by its denial of a probationary sentence which would permit defendant to continue and complete an intensive psychiatric treatment.

Defendant quotes from an article in 13 Am. Crim. L. Rev. 69, suggesting that the uniform severity and frequency of incarceration of child molesters is not consonant with an enlightened understanding of the offender or his offense, and treatment of the offender is the proper focus. We read the article suggested with in-

terest and acknowledge its merit in some instances, but doubt if this is one of them.

The protection of society in cases of this kind should be a predominate issue. The defendant, who is 51 years of age, has a history of child molesting. On a previous conviction he was placed on parole after serving 45 days, with the idea that under supervision he could be rehabilitated. Obviously he was not.

Since August of 1973, defendant has been a resident of Lincoln and concedes involvement with at least three boys. How many children he has led astray during his adult years will never be known. Counsel argues his previous treatment was at best nominal and ineffective and that defendant be given another chance for intensive treatment. He admits that no one can be certain it will be wholly effective but argues imprisonment would be dangerous for the defendant.

This court has frequently held: "Suspension of sentence and granting of probation is discretionary with the trial court and in the absence of an abuse of discretion the trial court's determination will not be disturbed." State v. Clifton (1972), 187 Neb. 714, 193 N. W. 2d 558. On the present record the trial court not only did not abuse its discretion but would have done so if it had placed the defendant on probation.

The judgment is affirmed.

AFFIRMED.