JOHN A. HOUSAND, APPELLANT, v. MAURICE H. SIGLER, WARDEN, NEBRASKA PENAL COMPLEX, APPELLEE.

183 N. W. 2d 493

Filed February 5, 1971. No. 37668.

John A. Housand, pro se.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Petitioner, serving a 3-year sentence imposed January 29, 1969, petitioned on March 23, 1970, for a writ of habeas corpus. He alleged that (1) the district court ought to place him on probation, (2) the Director of Corrections abused his discretion in failing to credit petitioner with time spent in custody prior to sentencing, and (3) the deputy warden failed to release petitioner for work in spite of a favorable recommendation by the Board of Parole. The district court denied the writ on the pleadings.

No statute authorized relief on petitioner's first claim. In the absence of statute the district court after commitment of a prisoner possesses no authority to set aside the sentence and place the prisoner on probation. See Moore v. State, 125 Neb. 565, 251 N. W. 117 (1933).

Section 83-1,106, R. S. Supp., 1969, which became effective August 25, 1969, authorizes the Director of Corrections to allow credit of presentence time in custody on a sentence. It is not by its term retrospective. Legisla-

tion operates prospectively only unless it clearly indicates retrospective operation. Dell v. City of Lincoln, 170 Neb. 176 at 189, 102 N. W. 2d 62 at 72 (1960). We must assume that the district court in petitioner's case considered any time spent in custody when it pronounced sentence.

Section 83-184, R. S. Supp., 1969, authorizes work release upon certain conditions: "When the conduct . . . and conditions indicate that . . . society . . . will be benefited . . ., and upon the recommendation of the Board of Parole . . ., the Director of Corrections may authorize . . ." work release. The director may refuse to release a prisoner for work under the statute notwithstanding a favorable recommendation by the Board of Parole.

The judgment is affirmed.

AFFIRMED.

SPENCER, J., participating on briefs.