STATE OF NEBRASKA, APPELLEE, V. JOHN NELSON, APPELLANT.

203 N. W. 2d 785

Filed January 26, 1973. No. 38685.

John Nelson, pro se.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Defendant moved the district court for credit on his criminal sentence, the credit to be prior time he had spent in county jail. The court overruled the motion, and defendant appeals. He contends that the ruling violated constitutional guarantees of due process and equal protection.

Defendant pleaded guilty to embezzlement of more than $100. The district court on October 26, 1970, sentenced him to imprisonment for an indeterminate period of 1 to 3 years. The minimum and maximum periods prescribed by statute were 1 and 7 years. See §§ 28-506 and 28-539, R. R. S. 1943.

The judge who heard the motion was the judge who pronounced sentence. He found that in the sentencing of defendant he had considered the prior time spent in custody. Cf. § 83-1,106(1) and (5), R. S. Supp., 1972; Laws 1969, c. 817, § 37, p. 3091. The journal is silent, and no verbatim record of the sentencing hearing is before us.

Had the judge resentenced defendant, he clearly would have imposed a sentence with the same net time for defendant to serve. In doing so, he would not have penalized a defendant for attacking the sentence. Cf. North Carolina v. Pearce, 395 U. S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). The resentence furthermore would not have discriminated against an indigent unable to tender a monetary bond.

A criminal sentence in which the court considered prior time spent in custody may be consistent with state and federal constitutional guarantees of due process and with the federal constitutional guarantee of equal protection, although the record at the sentencing hearing is silent on the subject.

AFFIRMED.