WILLIAM GEORGE EUTZY, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

258 N. W. 2d 829

Filed November 2, 1977. No. 41333.

Kirk E. Naylor, Jr., for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

William George Eutzy was sentenced to 3 to 5 years imprisonment for forgery. Prior to sentencing he spent 135 days in confinement because he was unable to post bond. At the time sentence was imposed the trial court stated: "The court further

states that the time you have spent in custody in connection with this, awaiting trial in this case, was considered in passing this sentence and no credit will be given to you for that time." The commitment order also provides: "The time defendant spent in custody awaiting trial was considered by this Court in passing sentence."

Section 83-1,106, R. R. S. 1943, as amended, provides that at the time of sentencing the District Court may give a prisoner credit against the maximum term and any minimum term for time spent in custody prior to trial, during trial, and pending sentence. Eutzy commenced this action to obtain a declaration that section 83-1,106, R. R. S. 1943, was unconstitutional as in violation of the Equal Protection Clause of the state and federal Constitutions.

The trial court found that section 83-1,106, R. R. S. 1943, was constitutional and dismissed the action. Eutzy has appealed.

This case is similar to State v. Nelson, 189 Neb. 580, 203 N. W. 2d 785, in which the defendant was sentenced to imprisonment for 1 to 3 years for embezzlement. In that case the record was silent and a verbatim record of the sentencing hearing was not before this court. However, the trial court found that the time spent in custody had been considered in fixing the sentence. We held that a criminal sentence in which the court considered prior time spent in custody might be consistent with the federal constitutional guarantee of equal protection even though the record at the sentencing hearing was silent on the subject.

The sentence which was imposed here was much less than the statutory maximum of 20 years imprisonment authorized by section 28-601, R. R. S. 1943. Since the 135 days that Eutzy spent in confinement between the time of his arrest and the time that he was sentenced was considered by the trial court in fixing the sentence imposed, the result is the same

as if the sentence had been 3 years and 4½ months to 5 years and 4½ months imprisonment, with credit then being given for the 135 days confinement. Such a sentence would have been valid.

The judgment of the District Court was correct and it is affirmed.

AFFIRMED.

McCOWN, J., concurring in result.

Under present provisions of section 83-1,106, R. R. S. 1943, the granting of credit for time spent in custody may be given to an offender in the discretion of the sentencing court. The granting of such credit should be made mandatory and not discretionary. Even under current statutes most Judges of the District Court grant credit for jail time as a matter of course. All Judges of the District Court should do so.