REQUESTED BY: Dear Senator Dworak:
This is in reply to your letter in which you ask for our opinion as to whether LB 891 would operate retroactively so as to impair obligations of contract making it constitutionally suspect in its application.
The Supreme Court of Nebraska has consistently held for a number of years that a legislative act will operate only prospectively and not retroactively unless the legislative intent and purpose that it should operate retroactively is clearly disclosed. Wheelock v. Heath, 201 Neb. 835
(1978); Housand v. Sigler, 186 Neb. 414 (1971); McIntoshv. Johnson, 51 Neb. 33 (1897).
Another well established rule of statutory construction is that the court, in construing a statute, must give it an interpretation which meets constitutional requirements if it can reasonably be done. Scott v. State ex rel. Board ofNursing, 196 Neb. 681 (1976); Stahmer v. State, 192 Neb. 63
(1974).
We find no wording in LB 891 which would indicate a clear intention of the Legislature that it operate retrospectively so as to impair the obligations of existing contracts nor do we think the court would so construe it in light of the foregoing principles.