REQUESTED BY: Charles Benson, Director Department of Correctional Services
Are state prisoners placed upon work release, educational release and furlough pursuant to § 83-184 to be considered `parolees' for the purposes of § 83-1,123?
No.
You have requested our opinion regarding the effect of Neb.Rev.Stat. § 83-1,123 (Reissue 1976), and our opinion No. 121 of June 15, 1981, upon prisoners of the State of Nebraska who may be removed from work release, educational release and furlough programs administered by the Department of Correctional Services (DCS). In opinion No. 121 we reiterated the conclusion reached in earlier opinions of this office that the Constitution of the State of Nebraska requires the approval of the Board of Parole before a prisoner may be released to any of the activities here in question. However, this conclusion is based upon an interpretation of the term `parole' as employed in our state constitution and, in our opinion, is not necessarily dispositive of the question before us here. Here we are concerned with the interpretation of the term `parole' not as employed in our state constitution but as employed by the Legislature in the enactment of § 83-1,123.
At the outset it must be noted that the authority for the release of state prisoners to the types of programs in question here is found in Neb.Rev.Stat. § 83-184 (Reissue 1976). That section, which was enacted as a part of the same legislative package which created section 83-1,123 makes no reference to the status to which an offender is released pursuant to section 83-184 as `parole.' Furthermore, the ultimate authority to release a prisoner under section 83-184
rests with the Director of the Department of Correctional Services and not the Board of Parole. Housand v. Sigler,186 Neb. 414, 183 N.W.2d 493 (1971). Both of these factors strongly indicate the Legislature intended to distinguish the status a prisoner achieves under a section 83-184 release from the status of a prisoner who receives a `parole' pursuant to Neb.Rev.Stat. § 83-188, et seq. (Reissue 1976).
Thus, in our opinion, section 83-1,123 was only intended to apply to those prisoners receiving a parole pursuant to sections 83-188, et seq. A prisoner of this state admitted to work release, educational release or furlough pursuant to section 83-184 is not intended to suffer the same loss of good time for failure to satisfactorily perform on such programs as is contemplated for a prisoner released on parole pursuant to sections 83-188, et seq. Therefore, the conclusions reached in our Opinion No. 121 would in no respect affect the statutory good time calculations of prisoners released pursuant to section 83-184. This type of prisoner would continue to have his statutory good time calculated as may other prisoner committed to DCS.
This opinion should in no way be interpreted as a deviation from our previous opinions that work release, educational release and furlough programs all fall within the intended definition of the term `parole' as employed in ArticleIV, Section 13, Constitution of Nebraska. Nebraska Attorney General's Opinions Nos. 185, 190 and 249 (1975-1976). The Board of Parole must approve all situations in which a prisoner of the State of Nebraska is released from the direct supervision of DCS personnel. This opinion does, however, stand for the proposition that the Legislature may create and classify various types of parole within the broad, constitutional definition of that term and establish distinct penalties for violation of each such type of parole.
Very truly yours, PAUL L. DOUGLAS Attorney General J. Kirk Brown Assistant Attorney General APPROVED: Paul L. DouglasPaul L. Douglas