STATE OF NEBRASKA, APPELLEE, V. STEVA MAXINE BOSTWICK, APPELLANT.

443 N.W.2d 885

Filed August 4, 1989.   No. 88-840.

James Walter Crampton for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Steva Maxine Bostwick appeals from the district court's denial of her motion for postconviction relief under Nebraska's Postconviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). Bostwick claims the court erred in failing to find Bostwick was denied effective assistance of counsel in her jury trial and convictions for second degree forgery and possession of a forged instrument. Bostwick also contends that the district court erred in failing to grant a prompt hearing on Bostwick's postconviction motion, refusing to allow Bostwick to address the court at the hearing on the postconviction motion, and failing to delineate the issues and express findings of fact and conclusions of law in the judgment denying Bostwick's motion.

## STANDARD OF REVIEW

A motion for postconviction relief cannot be used to secure review of issues which have already been litigated on direct appeal, or which were known to the defendant and counsel at the time of trial and which were capable of

being raised, but were not raised, in the defendant's direct appeal. *State v. Hurlburt*, 221 Neb. 364, 377 N.W.2d 108 (1985). In an appeal involving a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous. *State v. Dillon*, 224 Neb. 503, 507, 398 N.W.2d 718, 720-21 (1987). See, also, *State v. Davis*, 228 Neb. 622, 423 N.W.2d 487 (1988).

## FACTS

The account of events at Bostwick's trial and the factual basis for her convictions are contained in *State v. Bostwick*, 222 Neb. 631, 385 N.W.2d 906 (1986), which disposed of Bostwick's direct appeal and affirmed her convictions.

On April 20, 1984, the State charged Bostwick with second degree forgery, Neb. Rev. Stat. § 28-603(1) (Reissue 1985), and possession of a forged instrument, Neb. Rev. Stat. § 28-604(1) (Reissue 1985).

Bostwick was a bookkeeper for Commercial Enterprises, Ltd., a company owned by Gail Hammitt. The instruments involved in the forgery charges were Commercial's checks, bearing Hammitt's apparent signature. The central issue in the case was whether Bostwick had forged Hammitt's signature on the checks.

Disposition of the charges against Bostwick involved three trials. In the first trial, the court granted Bostwick's motion for mistrial after the State had introduced evidence of Bostwick's prior convictions. The second trial ended in a mistrial because the jury was unable to reach a verdict. After the second trial, the court denied Bostwick's motion to dismiss based on prosecutorial misconduct in the first and second trials.

At Bostwick's third trial, through use of handwriting exemplars, which Bostwick had provided to the police department in 1975, and Bostwick's entries in Commercial's ledgers for comparison, the State's handwriting expert identified signatures on the checks in question as Bostwick's handwriting. Bostwick's attorney objected to the 1975 exemplars.

Although the State's handwriting expert apparently had

some prior mental health problems, Bostwick's attorney did not delve into these problems on cross-examination. According to the attorney: "I didn't want to have the jury sympathize with him and get angry at me for bringing something into the case that really didn't need to be in there."

Also during Bostwick's third trial, Hammitt, on cross-examination, mentioned that Bostwick had removed $50,000 from his bank account. As a result of Hammitt's remark, Bostwick's attorney moved for mistrial and asked that the remark be stricken. The court denied a mistrial, but instructed the jury to disregard Hammitt's remark. Although Hammitt had made a similar remark at Bostwick's second trial, Bostwick's attorney made no motion in limine to prevent Hammitt from making the same comment during the third trial. When asked why he failed to make a motion in limine, Bostwick's attorney replied: "[I]t was part of the strategy for the trial to paint Gail Hammitt as someone who was undercapitalized and who was trying to blame everything on Steva and, as a consequence, when he said something, the more outrageous they were I felt it was better for us in presenting our case."

Police officers testified that before Bostwick's arrest, they waited in a police cruiser outside her home. When Bostwick came out of her home, she saw the cruiser and began running away. Police followed Bostwick, apprehended her, and found checks bearing Hammitt's apparent signature in her purse.

Bostwick testified at her third trial that she had not signed the checks in question, denied running from police immediately before her arrest, and otherwise contradicted the arresting officers' accounts about Bostwick's arrest. Bostwick's attorney did obtain photographs of the arrest scene, but not until 6 months later, and he did not call witnesses to refute the police officers' testimony concerning Bostwick's arrest. According to Bostwick's attorney:

> Steva and I had a lot of conversations about the story involved or regarding her arrest. It was her opinion that that was a critical portion of the case. It was my opinion that her story of the arrest was going to cast serious doubts about her credibility. I talked with jurors after the first and

second trials and I wrote her a letter and I told her that one of the things that the jury had real difficulty in buying was her story about the arrest. They just felt that her credibility was placed into serious question by her explanation of the episode and I tried not to follow that particular approach.

On cross-examination, Bostwick admitted her two prior felony convictions for grand larceny.

According to Bostwick's postconviction motion, the prosecutor, during closing argument, "continually wav[ed] the 1975 Handwriting Exemplars in front of the jury bringing excessive attention to them," and mentioned Bostwick's prior felony convictions introduced during Bostwick's cross-examination. Bostwick's attorney did not object to the prosecutor's closing argument and explained his reasons for declining to do so:

> Well, anything that has been marked as an exhibit and has ben [sic] introduced into evidence can be properly used and argued before a jury in closing argument and a prosecutor typically doesn't try to introduce evidence that is not going to be prejudicial to the defendant, so everything that they wave in front of the jury and every argument that they make is going to be prejudicial and that ground alone isn't going to be sufficient for an objection in their closing argument.

As a result of Bostwick's third trial, she was convicted and sentenced to two concurrent terms of 15 to 25 years' imprisonment as a habitual criminal. See Neb. Rev. Stat. § 29-2221 (Reissue 1985) (habitual criminal penalty—10 to 60 years' imprisonment).

On direct appeal of her convictions, Bostwick's lawyer argued that the trial court erred in admitting the 1975 handwriting exemplars as exhibits and in refusing to grant Bostwick's motion for a mistrial on account of Hammitt's response on cross-examination. In the direct appeal, however, Bostwick's lawyer did not provide this court with the bill of exceptions from Bostwick's first trial, which reflected the prosecutor's remarks about Bostwick's prior convictions. Bostwick's lawyer did not argue that Bostwick's sentence, which

was within statutory limits, was excessive and did not argue that the court erred in failing to grant Bostwick's motion to dismiss the charges based on prosecutorial misconduct in the first and second trials. However, Bostwick made the argument regarding prosecutorial misconduct in her pro se brief filed in her direct appeal to this court.

This court rejected all of Bostwick's arguments, determined that the handwriting exemplars were properly received as evidence and that Bostwick's motion for mistrial, based on Hammitt's remarks in the third trial, was properly overruled, and concluded that the prosecutor's conduct in the first and second trials did not necessitate dismissal of the charges against Bostwick or reversal of her convictions.

Bostwick filed a motion for postconviction relief on May 30, 1986, alleging that her lawyer in the third trial was ineffective in failing to move for dismissal after the first trial, to file a motion in limine regarding Hammitt's remark about Bostwick's stealing $50,000, to successfully exclude the 1975 handwriting exemplars, to cross-examine the State's handwriting expert regarding his mental health, to object to the prosecutor's closing argument, to research and raise on appeal the issues of prosecutorial misconduct and excessive sentence, and to provide a complete record of the first trial for review in Bostwick's direct appeal to this court.

In the postconviction proceeding, Bostwick, on February 22, 1988, filed a notice to take her deposition, which was taken on February 26. On June 6, 1988, Bostwick completed her corrections of and additions to her deposition.

Neither before nor at the postconviction hearing on August 5, 1988, did Bostwick make any objection regarding timeliness of the hearing on her motion for postconviction relief. At the hearing, Bostwick's deposition and the excerpt from the bill of exceptions for her first trial which Bostwick claims should have been included in the record reviewed in her direct appeal were received in evidence. Although present at the hearing on her postconviction motion, Bostwick did not testify. After closing arguments, Bostwick's attorney asked the court's permission for Bostwick to address the court. The court refused the request and stated: "I think I have heard enough argument now. She

has certainly been given time to tell everything and I am not going to listen to any more testimony because the testimony is closed. I have heard enough argument and I am ready to take this under advisement."

The court denied Bostwick's motion for postconviction relief, stating: "Defendant's motion for post-conviction overruled and found to be without any merit." The court made no other findings of fact or conclusions of law with regard to Bostwick's motion.

## CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

[T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

*State v. Hawthorne*, 230 Neb. 343, 347, 431 N.W.2d 630, 633 (1988). "To sustain a claim of ineffective assistance of counsel, the defendant has the burden to present a record which shows counsel's deficient performance in representing the defendant." *State v. Uwanaka*, 230 Neb. 808, 809, 433 N.W.2d 540, 541 (1989).

As we noted in *State v. Hawthorne, supra*:

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. . . ."

*Hawthorne, supra* at 347, 431 N.W.2d at 633 (quoting *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

Without restating each of Bostwick's contentions, we find

that Bostwick has failed to show prejudice from any of her lawyer's alleged errors or omissions. For that reason, Bostwick's claim of ineffective assistance of counsel is without merit.

## BOSTWICK'S HEARING

Bostwick claims several procedural errors regarding the hearing on her motion for postconviction relief, such as denial of a prompt hearing, the court's refusal to allow Bostwick to address the court, and the court's failure to delineate issues and make findings of fact and conclusions of law in its order denying Bostwick postconviction relief.

Section 29-3001 provides:

> A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion at any time in the court which imposed such sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence.

> Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate. Proceedings under the provisions of sections 29-3001 to 29-3004 [the Nebraska Postconviction Act] shall be civil in nature. Costs shall be taxed as in habeas corpus cases.

> A court may entertain and determine such motion without requiring the production of the prisoner, whether

or not a hearing is held. Testimony of the prisoner or other witness may be offered by deposition. The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner.

Proceedings under the Postconviction Act are civil in nature. *State v. Casper*, 219 Neb. 641, 365 N.W.2d 451 (1985); *State v. Huffman*, 186 Neb. 809, 186 N.W.2d 715 (1971). The speedy trial provisions of the sixth amendment to the U.S. Constitution, Neb. Const. art. I, § 11, and the Nebraska speedy trial act, Neb. Rev. Stat. §§ 29-1205 et seq. (Reissue 1985), apply only to criminal trials and, thus, do not apply to postconviction actions. Nevertheless, Bostwick claims that the State denied her a "prompt hearing" required by the Postconviction Act. Not only did Bostwick fail to object regarding timeliness of her hearing, but she also has failed to demonstrate how she was prejudiced by the period of pendency from the filing of Bostwick's postconviction motion until disposition of the motion. In addition, much of the delay appears to have been caused by Bostwick herself, not by the court or the State. For those reasons, Bostwick's claim that she was denied a prompt hearing has no merit. Regarding Bostwick's claim that she was denied the opportunity to address the court at her postconviction hearing, we note that Bostwick was present at the hearing and expressed her desire to speak only after closing arguments by counsel. Under those circumstances, the court did not abuse its discretion in refusing to allow Bostwick to address the court.

Finally, concerning Bostwick's claim that the district court should have delineated issues and expressed findings of fact and conclusions of law underlying denial of postconviction relief, we note that the court succinctly stated the only finding of fact or conclusion of law necessary for disposition of Bostwick's case, namely, Bostwick's motion for postconviction relief is without merit.

## CONCLUSION

Bostwick's motion for postconviction relief is without merit, and the district court's judgment denying Bostwick's motion is affirmed.

AFFIRMED.