STATE OF NEBRASKA, APPELLEE, V. THOMAS CHARLES VON DORN, APPELLANT.

449 N.W.2d 530

Filed December 22, 1989.    No. 88-990.

Thomas Charles Von Dorn, pro se.

Robert M. Spire, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Defendant-appellant, Thomas Charles Von Dorn, challenges the denial without an evidential hearing of his motion for postconviction relief. He asserts the postconviction court erred in failing to (1) find that the equal protection clause of the 14th amendment requires that he be granted credit for time served prior to sentencing, (2) find that he was deprived of his 6th amendment right to the effective assistance of counsel, and (3) grant him credit for time served. We affirm.

Von Dorn was arrested on November 9, 1987, and a subsequent information charged him with two counts of burglary. The record shows that Von Dorn stole items from at least two separate farms and sold them through auction houses.

His bail was apparently set at 10 percent of $250,000, although the record shows differing amounts for a "bail bond" and an "appearance bond." At any rate, Von Dorn was not able to post any bond, and he remained incarcerated from the time

of his arrest through the time of sentencing on February 29, 1988. Pursuant to a plea bargain, Von Dorn pled no contest to one count of burglary. In return for this plea the State dismissed the second burglary charge and recommended incarceration for 3 to 5 years.

The trial judge sentenced Von Dorn to imprisonment for a period of not less than 3 nor more than 5 years. In refusing to credit Von Dorn for the 113 days he had spent in jail prior to sentencing, the trial judge stated that he had already taken into account the fact that Von Dorn had spent 113 days in jail during the pendency of the action.

In an effort to receive credit for the time served prior to sentencing, Von Dorn, on November 8, 1988, filed the pro se "post conviction motion coram nobis" which is the subject of this appeal and which we, as did the postconviction court, treat as a motion under the provisions of the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). We begin our analysis by recalling certain well-established rules which control the disposition of such motions.

In a proceeding under the act, the movant must allege facts which, if proved, constitute a denial or violation of the defendant's rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or voidable. *State v. Nearhood,* 233 Neb. 767, 448 N.W.2d 399 (1989); *State v. Start,* 229 Neb. 575, 427 N.W.2d 800 (1988). A court is not required to grant an evidential hearing on a motion for postconviction relief which alleges only conclusions of law or fact; nor is an evidential hearing required under the Nebraska Postconviction Act when (1) the motion for postconviction relief does not contain sufficient factual allegations concerning a denial or violation of constitutional rights affecting the judgment against the movant, or (2) notwithstanding proper pleading of facts in a motion for postconviction relief, the files and records in the movant's case do not show a denial or violation of the movant's constitutional rights causing the judgment against the movant to be void or voidable. *State v. Nearhood, supra; State v. Start, supra.* Moreover, one seeking postconviction relief has the burden of

establishing a basis for such relief, and the findings of the district court will not be disturbed unless clearly erroneous. *State v. Nearhood, supra*; *State v. Bostwick*, 233 Neb. 57, 443 N.W.2d 885 (1989); *State v. Kern*, 232 Neb. 799, 442 N.W.2d 381 (1989); *State v. Ditter*, 232 Neb. 600, 441 N.W.2d 622 (1989); *State v. Gagliano*, 231 Neb. 911, 438 N.W.2d 783 (1989).

With those basic rules in mind, we move on to a consideration of Von Dorn's first assignment of error, that the postconviction court erred in failing to find that the equal protection clause of the 14th amendment to the U.S. Constitution requires that he be granted credit for time served prior to sentencing.

This court addressed similar contentions in *Eutzy v. State*, 199 Neb. 384, 258 N.W.2d 829 (1977), and *State v. Nelson*, 189 Neb. 580, 203 N.W.2d 785 (1973). In *Nelson*, the defendant pled guilty to embezzlement of more than $100, a crime punishable by 1 to 7 years' imprisonment. The district court sentenced Nelson to 1 to 3 years' imprisonment and did not allow credit for time served. Nelson later filed a motion seeking credit for time served. When the district court overruled the motion, Nelson appealed the decision to this court, arguing that the ruling violated constitutional guarantees of due process and equal protection. In upholding the district court's decision, this court stated:

> The judge who heard the motion was the judge who pronounced sentence. He found that in the sentencing of defendant he had considered the prior time spent in custody. . . .
>
> Had the judge resentenced defendant, he clearly would have imposed a sentence with the same net time for defendant to serve. In doing so, he would not have penalized a defendant for attacking the sentence. Cf. North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). The resentence furthermore would not have discriminated against an indigent unable to tender a monetary bond.
>
> A criminal sentence in which the court considered prior time spent in custody may be consistent with state and federal constitutional guarantees of due process and with

the federal constitutional guarantee of equal protection, although the record at the sentencing hearing is silent on the subject.

*Nelson* at 580-81, 203 N.W.2d at 786-87.

In *Eutzy*, the defendant spent 135 days in confinement prior to sentencing because he was unable to post bail. In sentencing the defendant to 3 to 5 years' imprisonment for forgery, the sentencing court stated that it had considered the time the defendant had spent in custody prior to confinement and ruled that the defendant would not be credited for time served prior to sentencing. The commitment order also noted that the court had considered the time the defendant had served while awaiting trial.

In seeking credit for time served, Eutzy challenged the constitutionality of Neb. Rev. Stat. § 83-1,106 (Reissue 1987), which left the granting of credit for time served to the discretion of the district court. In addressing Eutzy's challenge on appeal, this court stated:

This case is similar to State v. Nelson, 189 Neb. 580, 203 N.W.2d 785, in which the defendant was sentenced to imprisonment for 1 to 3 years for embezzlement. In that case the record was silent and a verbatim record of the sentencing hearing was not before this court. However, the trial court found that the time spent in custody had been considered in fixing the sentence. We held that a criminal sentence in which the court considered prior time spent in custody might be consistent with the federal constitutional guarantee of equal protection even though the record at the sentencing hearing was silent on the subject.

The sentence which was imposed here was much less than the statutory maximum of 20 years imprisonment authorized by section 28-601, R.R.S. 1943. Since the 135 days that Eutzy spent in confinement between the time of his arrest and the time that he was sentenced was considered by the trial court in fixing the sentence imposed, the result is the same as if the sentence had been 3 years and $4^1/_2$ months to 5 years and $4^1/_2$ months imprisonment, with credit then being given for the 135

days confinement. Such a sentence would have been valid. *Eutzy v. State, supra* at 385-86, 258 N.W.2d at 829-30.

With the holdings in *Nelson* and *Eutzy* in mind, we examine the sentence which the trial judge imposed upon Von Dorn.

Von Dorn pled no contest to a charge of burglary, a Class III felony, Neb. Rev. Stat. § 28-507 (Reissue 1985), punishable by 1 to 20 years' imprisonment or a fine of up to $25,000, or both, Neb. Rev. Stat. § 28-105 (Reissue 1985). Pursuant to a plea bargain, the State recommended a 3- to 5-year sentence. Neither the plea bargain nor the State's recommendation concerned itself with whether Von Dorn was to receive credit for the time he had already served. In any event, the trial court was not bound by the State's recommendation. *State v. Griger*, 190 Neb. 405, 208 N.W.2d 672 (1973) (sentencing court is not bound by prosecutor's recommendation arising from a plea bargain). See, also, *State v. Miles*, 194 Neb. 128, 230 N.W.2d 227 (1975). Thus, the trial judge could have imposed an indeterminate sentence of 6 ²/₃ years to 20 years and then credited Von Dorn for the 113 days he had been confined prior to sentencing. See Neb. Rev. Stat. § 83-1,105 (Reissue 1987).

Instead, the trial judge sentenced Von Dorn to 3 to 5 years' imprisonment, stating that he had already taken into consideration the 113 days Von Dorn had spent in jail prior to sentencing. The trial judge would have accomplished the same result by sentencing Von Dorn to 3 years 3 ²/₃ months to 5 years 3 ²/₃ months and granting him credit for time served prior to sentencing. Such a sentence would have been well within the 6²/₃- to 20-year sentence which was permissible in this case. Thus, as in *Eutzy*, the sentence imposed upon Von Dorn does not violate his right to equal protection and is valid.

Although it is not assigned as error, Von Dorn also argues in his pro se brief that he is entitled to credit for time served, due to the Legislature's passage of 1988 Neb. Laws, L.B. 1054. L.B. 1054 amended § 83-1,106 (Reissue 1987) to require courts to grant credit for time served under certain circumstances. See § 83-1,106 (Cum. Supp. 1988). The granting of such credit had previously been left to the discretion of the courts. See § 83-1,106 (Reissue 1987). Von Dorn argues that the passage of L.B. 1054 indicates that it is the policy of the State of Nebraska

to allow credit for time served prior to sentencing.

The portion of § 83-1,106 which is at issue in this case is § 83-1,106(1) (Reissue 1987), which states:

Credit against the maximum term and any minimum term *may be given* to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services.

(Emphasis supplied.) L.B. 1054 changed the above-emphasized language from "may be given" to "shall be given." See § 83-1,106(1) (Cum. Supp. 1988). The flaw in Von Dorn's argument is that the amendment to § 83-1,106(1) did not become effective until July 9, 1988, more than 4 months after Von Dorn was sentenced.

In *Housand v. Sigler*, 186 Neb. 414, 183 N.W.2d 493 (1971), this court addressed a similar argument with respect to § 83-1,106, the very statute at issue here. The court stated:

Section 83-1,106, R.S. Supp., 1969, which became effective August 25, 1969, authorizes the Director of Corrections to allow credit of presentence time in custody on a sentence. It is not by its term retrospective. Legislation operates prospectively only unless it clearly indicates retrospective operation. [Citation omitted.] We must assume that the district court in petitioner's case considered any time spent in custody when it pronounced sentence.

*Housand* at 415-16, 183 N.W.2d at 494. See, also, *Larson v. Jensen*, 228 Neb. 799, 424 N.W.2d 352 (1988) (statutes in noncriminal matters are not to be given retroactive effect unless the Legislature has clearly expressed a contrary intention); *Moore v. Peterson*, 218 Neb. 615, 358 N.W.2d 193 (1984) (a legislative act operates only prospectively and not retrospectively unless the legislative intent and purpose that it should operate retrospectively is clearly disclosed).

Nothing in § 83-1,106 (Cum. Supp. 1988) indicates that the

changes effected by L.B. 1054 should have retrospective effect. Consequently, § 83-1,106 (Cum. Supp. 1988) does not require that Von Dorn be granted credit for the time he had served prior to sentencing.

Furthermore, the trial judge did not abuse his discretion under § 83-1,106 (Reissue 1987) by refusing to grant Von Dorn credit for time served prior to sentencing. "The granting of presentence jail time credit is within the trial court's discretion except where the statutory maximums are exceeded." *State v. Ross*, 220 Neb. 843, 846, 374 N.W.2d 228, 230 (1985).

In his second assignment of error, Von Dorn contends that the district court erred in failing to find that Von Dorn was deprived of his sixth amendment right to effective assistance of counsel by virtue of counsel's failure to pursue the equal protection claim by failing to appeal the trial judge's failure to grant credit for the time Von Dorn spent in jail prior to sentencing. To sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Nearhood*, 233 Neb. 767, 448 N.W.2d 399 (1989); *State v. Grell*, 233 Neb. 314, 444 N.W.2d 911 (1989); *State v. Bostwick*, 233 Neb. 57, 443 N.W.2d 885 (1989); *State v. Kern*, 232 Neb. 799, 442 N.W.2d 381 (1989); *State v. Ditter*, 232 Neb. 600, 441 N.W.2d 622 (1989); *State v. Gagliano*, 231 Neb. 911, 438 N.W.2d 783 (1989).

There being no merit to the equal protection claim set forth in Von Dorn's first assignment of error, it is clear that Von Dorn's counsel was not ineffective in failing to appeal Von Dorn's conviction on equal protection grounds.

Finally, Von Dorn argues in connection with his second assignment of error that he is entitled to credit for time served because the judge did not advise him of his right to appeal. *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), details the steps which a judge must follow to ensure that a defendant's no

contest plea is rendered freely, intelligently, voluntarily, and understandingly. These steps are restated in *State v. Rhodes*, 233 Neb. 373, 445 N.W.2d 622 (1989), and do not include a requirement that the judge inform a defendant of his right to appeal.

This court addressed a similar contention in *State v. Sagaser*, 181 Neb. 329, 148 N.W.2d 206 (1967), a case in which the defendant sought postconviction relief after being convicted of arson. The court stated:

> Defendant's . . . assignment of error is predicated upon the allegation that after the pronouncement of the sentence he was not informed by the court of his right to appeal the conviction and sentence. We do not understand that our law placed this burden on the trial judge. This point, however, is immaterial because the defendant on cross-examination stated that he was aware of his right to appeal.

*Id.* at 331, 148 N.W.2d at 207. The trial judge had no obligation to inform Von Dorn of his right to appeal, and the judge's failure to so inform Von Dorn provides no constitutional grounds for disturbing his conviction and sentence.

There being no merit to Von Dorn's assignments of error, the judgment of the postconviction court is affirmed.

AFFIRMED.