STATE OF NEBRASKA, APPELLEE, V. RONALD EUGENE KIRBY, APPELLANT.

254 N. W. 2d 424

Filed June 8, 1977. No. 41056.

Hal Anderson and John Stevens Berry, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

This is a post conviction proceeding. The defendant was charged with first degree murder, found guilty by a jury, and sentenced to life imprisonment in the Nebraska Penal and Correctional Complex. On July 27, 1976, the defendant filed a motion to vacate sentence in the District Court for Douglas County, Nebraska. The defendant's application for post conviction relief was denied and the defendant appeals. We affirm the judgment of the District Court.

The defendant's trial in the original cause was set for January 6, 1969. On December 27, 1968, a hearing was held on the defendant's motion for a speedy trial. The defendant was present at this hearing. At the hearing, the defendant expressed dissatisfaction with his counsel and made several remarks to the effect that he would just as soon represent himself in the case. The District Court refused to permit the defendant to represent himself.

Under both the Constitution of Nebraska and the Constitution of the United States, a defendant in a criminal trial in this state has a right to proceed without counsel and represent himself if he voluntarily and intelligently elects to do so. Art. I, § 11, Constitution of Nebraska; State v. McGee, 184 Neb. 352, 167 N. W. 2d 765 (1969); Amendment VI to the Constitution of the United States; Faretta v. California, 422 U. S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). On appeal, the defendant contends that he was deprived of this right.

In Faretta, *supra,* the Supreme Court, explaining its holding that a defendant in a criminal trial has a constitutional right to proceed without counsel, stated: ''An unwanted counsel 'represents' the defendant only through a tenuous and unacceptable

legal fiction. *Unless the accused has acquiesced in such representation,* the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not *his* defense. (First emphasis supplied.)

The record indicates that at the time of the hearing, December 27, 1968, the defendant was dissatisfied over his ability to communicate with counsel. At that time, steps were taken by the District Court to facilitate the defendant's communication with counsel.

The record also shows that prior to filing the present action, the defendant, after December 27, 1968, gave no further indication that he desired to represent himself in the case. At no time after December 27, 1968, did the defendant express any dissatisfaction with his counsel's ability or conduct of the case. In fact, every indication is that the defendant found his counsel's handling of the case to be very satisfactory. In his appeal to this court from his conviction in the original cause, the defendant alleged that he had ineffective counsel. We rejected that contention, specifically noting: "Counsel presented an adequate defense worthy of a most conscientious defense attorney. It is of more than passing interest that after 4 days of trial, when the trial judge, out of an abundance of caution, turned to defendant to explain what his attorney was doing in agreeing to a stipulation, defendant cut him short and said, 'Whatever he decides is good enough.' " State v. Kirby, 185 Neb. 240, 175 N. W. 2d 87 (1970).

Even if there be some merit to the defendant's contention, the District Court concluded, and we concur, that the defendant was not prejudiced either by being represented by counsel or by denial of self-representation. This court will not reverse a criminal conviction in the absence of prejudice to the defendant. State v. Keith, 189 Neb. 536, 203 N. W. 2d

500 (1973); State v. McCown, 189 Neb. 495, 203 N. W. 2d 445 (1973).

The judgment of the District Court is correct and is affirmed.

AFFIRMED.