STATE OF NEBRASKA, APPELLEE, V. FRANKIE L. COLE, APPELLANT.

395 N.W.2d 532

Filed October 31, 1986.   No. 85-934.

Frankie L. Cole, pro se.

Robert M. Spire, Attorney General, and Dale D. Brodkey, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an appeal filed pro se from a dismissal of a postconviction motion to vacate sentence filed by defendant, Frankie L. Cole.

On March 10, 1983, defendant was convicted by jury in the district court for Douglas County of one count of burglary of a service station, in violation of Neb. Rev. Stat. § 28-507(1) (Reissue 1985), and one count of theft by unlawful taking of an automobile from a repair shop, in violation of Neb. Rev. Stat. § 28-511(1) (Reissue 1985). Defendant was sentenced to a term of 10 years' imprisonment in the Nebraska Penal and Correctional Complex on each of the two counts, to be served consecutively. Defendant appealed to this court. The defendant filed a pro se brief in addition to a brief filed by counsel from the Douglas County public defender's office. Defendant's pro se brief raised a number of issues in his assignments of error which were not included in counsel's brief. Defendant argued that his appointed trial counsel and counsel on appeal were inadequate and incompetent. Defendant's convictions were affirmed by this court in *State v. Cole*, 218 Neb. 1, 352 N.W.2d 154 (1984). In affirming defendant's convictions this court found that the assignments of error in the defendant's pro se brief were without merit.

Defendant filed a postconviction motion to vacate sentence on February 5, 1985. This motion alleged ineffective assistance of both trial counsel and counsel on direct appeal. On November 18, 1985, an evidentiary hearing was held, and the district court found the application for postconviction relief to be without merit on the ground that this court had already heard and decided these issues in the direct appeal. The district

court also dismissed counsel appointed to represent defendant on the motion to vacate sentence. Defendant timely filed an appeal to this court.

In his pro se brief, defendant assigns three errors:

(1) That it was error not to rule on new facts raised in the motion to vacate sentence, which were not raised in the issue of ineffective counsel on direct appeal; in particular, that counsel failed to object to an all-white jury and failed to raise arguments of insufficiency of the evidence to sustain conviction under Neb. Rev. Stat. § 28-511 (Reissue 1985);

(2) That it was error to dismiss defendant's counsel when the defendant still had the right to appeal;

(3) That it was error to dismiss the motion to vacate sentence on the ground that the issue of ineffective assistance of counsel had been raised on direct appeal, when it was improperly raised on direct appeal.

We affirm.

Our review of a judgment denying postconviction relief is governed by the holdings of our earlier cases reviewing such matters. We have held that the defendant in a postconviction case bears the burden of establishing a basis for relief, and a conviction will not be set aside in the absence of a showing that an error created actual prejudice rather than merely the possibility of prejudice. *State v. Peery*, 223 Neb. 556, 391 N.W.2d 566 (1986). In *State v. Brown*, 220 Neb. 305, 369 N.W.2d 639 (1985), we held that the findings of the district court will not be disturbed on appeal unless they are clearly wrong.

Regarding the first assignment of error, defendant contends that trial counsel's failure to object to a jury composed of members of the white race when defendant is a black man constitutes a new fact not raised in the direct appeal. Defendant, who filed a pro se brief, had an opportunity to raise this issue on direct appeal, but did not do so. At the evidentiary hearing, defendant testified, "What I did was submitted my—you know, the contentions that I wanted to the Supreme Court . . . ." We have stated that issues which were known to defendant and counsel at the time of trial and were capable of being raised in a direct appeal, but were not raised in

defendant's direct appeal, are not proper grounds for postconviction relief. *State v. Isikoff,* 223 Neb. 679, 392 N.W.2d 783 (1986); *State v. Peery, supra; State v. Hurlburt,* 221 Neb. 364, 377 N.W.2d 108 (1985). In addition, no testimony was presented at the evidentiary hearing showing actual prejudice to defendant. We note that the facts of the underlying crimes committed by defendant overwhelmingly pointed to his guilt.

The error assigned that counsel failed to raise arguments of insufficiency of the evidence to sustain conviction under § 28-511 paraphrases errors raised in defendant's direct appeal. A motion for postconviction relief cannot be used to secure review of issues which have already been litigated on direct appeal. *State v. Isikoff, supra; State v. Hurlburt, supra.* Nor will a defendant be permitted to rephrase issues already presented in order to obtain a further consideration of them. *State v. Peery, supra.* Accordingly, defendant's first assignment of error will not be considered.

Secondly, defendant claims that it was error for the district court to dismiss defendant's appointed counsel at the hearing on the motion to vacate his sentence when defendant still had the right to appeal. It is within the discretion of the district court to determine whether counsel shall be appointed in a postconviction proceeding to represent defendant on appeal to this court, and in the absence of a showing of abuse of discretion, the failure to appoint counsel is not error. *State v. Isikoff, supra; State v. Paulson,* 211 Neb. 711, 320 N.W.2d 115 (1982). The trial court did not abuse its discretion by refusing to appoint appellate counsel on this postconviction appeal.

Lastly, defendant claims that the issue of ineffective counsel was improperly raised on direct appeal, and thus should not prevent review of that issue in the postconviction proceeding. Defendant's argument, although difficult to comprehend, seems to contend that a claim of ineffective counsel is civil in nature and should not have been adjudicated in the direct criminal appeal. In that direct appeal, defendant sought to have his criminal convictions reversed on the basis that he had ineffective counsel. He now contends that this court should not have considered that point. His argument on this issue is totally without merit.

The district court has committed no error in dismissing defendant's motion for postconviction relief. The judgment is affirmed.

AFFIRMED.