STATE OF NEBRASKA, APPELLEE, V. JAMES E. FERRELL, APPELLANT.
434 N.W.2d 331

Filed January 20, 1989. No. 88-167.

James Ferrell, pro se.

Robert M. Spire, Attorney General, and Linda L. Willard for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

In 1983, the defendant, James E. Ferrell, was convicted of robbery and use of a firearm in the commission of a felony. At an enhancement hearing he was adjudged to be a habitual criminal and was sentenced to 15 years on the robbery count and 2 to 5 years on the second count, the sentences to run consecutively. On appeal, the sentence on count I was affirmed. *State v. Ferrell*, 218 Neb. 463, 356 N.W.2d 868 (1984). Since the sentence on count II was erroneous, that sentence was vacated and the cause remanded for resentencing on count II. On remand, the defendant was sentenced to 10 years on count II, the sentence to run consecutively to the sentence on count I.

On October 5, 1987, the defendant, pro se, filed a "Petition for Review and Reduction of Sentence" in the district court. The defendant sought a reduction of his sentences under Neb. Rev. Stat. § 29-2308.01 (Cum. Supp. 1986), and postconviction relief. On October 13, 1987, the trial court denied the defendant's request for a reduction of his sentences. Following a hearing on January 22, 1988, the trial court, on February 1, 1988, denied the defendant's motion for postconviction relief. The defendant has appealed from the order of February 1, 1988.

The defendant has assigned as error (1) that he was arraigned and pleaded not guilty less than 1 day after the information had been served upon him; (2) that he was denied a fair hearing on his motion for postconviction relief; (3) that the trial court made prejudicial comments during his trial; (4) that his arrest in Iowa and his return to Nebraska were illegal; (5) that there was false testimony by witnesses for the State; and (6) that references to the defendant as "you" and positive statements as to his guilt were made by witnesses for the State.

The Postconviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985), applies only where the prisoner has sustained such a denial or infringement of constitutional rights that the

judgment is void or voidable. *State v. Miles*, 194 Neb. 128, 230 N.W.2d 227 (1975). A motion for postconviction relief cannot be used as a substitute for an appeal or to receive a further review of issues already litigated. *State v. Hochstein*, 216 Neb. 515, 344 N.W.2d 469 (1984). A person seeking postconviction relief has the burden of establishing the basis for such relief. *State v. Hochstein, supra.*

The defendant's first assignment of error relates to a statutory right, not a constitutional right. Neb. Rev. Stat. § 29-1802 (Reissue 1985). The issue was not raised until just before trial, and the trial court properly held that any error had been waived. This matter presents no basis for postconviction relief.

The second assignment of error relates to the hearing on the defendant's motion for postconviction relief. At the hearing on January 22, 1988, the defendant presented no evidence other than the pleadings and his own testimony. The trial court inquired as to whether the defendant wanted to call witnesses, and offered to continue the hearing if necessary. The defendant answered, "No, I don't believe so at this point." The testimony of the defendant himself provided no basis for postconviction relief.

At the hearing, the defendant referred to his contentions that his arrest and return to Nebraska were illegal, that there was an absence of black persons on the jury, that Marianne McCormack was not a competent witness, that he was not allowed to examine the presentence report, and that his sentence was illegal. These matters, and the remaining assignments of error, were all considered and determined upon the direct appeal or could have been raised at that time. They do not furnish a basis for postconviction relief at this time.

The judgment is affirmed.

AFFIRMED.