STATE OF NEBRASKA, APPELLEE, V. VICTOR LUNA, APPELLANT.
434 N.W.2d 526

Filed January 20, 1989. No. 88-189.

Victor Luna, pro se.

Robert M. Spire, Attorney General, and Lynne R. Fritz for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and CARLSON, D.J.

CAPORALE, J.

Defendant-appellant, Victor Luna, appeals from the denial of his second motion for postconviction relief brought under the provisions of Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). He assigns as error the district court's determination that he (1) is not entitled to an evidential hearing and (2) is not entitled to relief. We affirm.

After a jury trial, during which he was represented by the Douglas County public defender, Luna was found guilty of first degree assault for having stabbed and slashed his live-in mistress, and of third degree assault for having slashed the

woman's daughter. He was subsequently found to be a habitual criminal and was sentenced accordingly.

Following his conviction, Luna, still represented by the Douglas County public defender, appealed to this court, alleging that the habitual criminal charge should have been dismissed for the reason that there was insufficient evidence to establish that he met the statutory definition of such a person. We, however, affirmed the district court's application of the habitual criminal offender statute on the evidence of Luna's criminal history. *State v. Luna*, 211 Neb. 630, 319 N.W.2d 737 (1982).

Luna next filed his first motion for postconviction relief, alleging, among other things, that his "court-appointed attorneys, in both trial and appeal, failed to adequately represent him." The district court, finding that Luna was "entitled to no relief and that an evidentiary hearing thereon is not justified," overruled the motion. Luna's appeal of that ruling to this court elicited from the State a motion for summary affirmance pursuant to Neb. Ct. R. of Prac. 7B(2) (rev. 1986), which this court sustained. *State v. Luna*, 216 Neb. xxiv (case No. 83-746, Dec. 14, 1983).

Luna then filed the motion now at issue, again alleging ineffective assistance of counsel at both the trial and appellate levels, as noted earlier. The district court held that Luna was not entitled to relief and denied his second postconviction motion without hearing, as a consequence of which Luna returns to this court a third time.

This appeal, too, must fail, for, as the district court correctly noted, a defendant is entitled to bring a second proceeding for postconviction relief only if the grounds relied upon did not exist at the time the first motion was filed. *State v. Nance*, 227 Neb. 581, 418 N.W.2d 598 (1988). Once a motion for postconviction relief has been judicially determined, any subsequent motion for such relief from the same conviction and sentence may be dismissed unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the prior motion was filed. *State v. Harper*, 225 Neb. 300, 404 N.W.2d 436 (1987).

While it is true Luna seeks this time to ground his allegation

of ineffective assistance of counsel in different errors allegedly committed by counsel than those cited for the same purpose in his prior postconviction relief attempt, the fact remains that a motion for postconviction relief may not be used to obtain a further review of issues already litigated, and the mere fact that the issues are rephrased does not·change that rule. *State v. Ferrell, ante* p. 958, 434 N.W.2d 331 (1989); *State v. Rubek,* 225 Neb. 477, 406 N.W.2d 130 (1987).

The applicable rule is that an evidential hearing may properly be denied on a motion for postconviction relief when the records and files in the case affirmatively establish that the defendant is entitled to no relief. *State v. Reddick, ante* p. 218, 430 N.W.2d 542 (1988).

A criminal defendant seeking postconviction relief has the burden of establishing a basis for such relief, *State v. Reddick, supra; State v. Harton, ante* p. 167, 430 N.W.2d 313 (1988), and the finding of the postconviction hearing court will not be disturbed unless clearly erroneous, *State v. Harton, supra; State v. Petitte,* 228 Neb. 144, 421 N.W.2d 460 (1988). The district court's order denying an evidential hearing and overruling Luna's motion for postconviction relief is not clearly erroneous; the judgment of the district court must therefore be, and hereby is, affirmed.

AFFIRMED.