STATE OF NEBRASKA, APPELLEE, V. CLAYTON KERN, APPELLANT.

442 N.W.2d 381

Filed July 14, 1989.   No. 88-223.

Thomas L. Spinar for appellant.

Clayton Kern, pro se.

Robert M. Spire, Attorney General, and Dale A. Comer for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Defendant, Clayton Kern, appeals from the denial of his motion for postconviction relief brought under the provisions of Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). He asserts that the postconviction court erred (1) in finding the trial court properly admitted certain evidence, (2) in finding the trial court

correctly determined the evidence sufficient to support his conviction, and (3) in failing to permit a postdenial amendment to his postconviction motion. We affirm.

The facts underlying Kern's conviction for the first degree murder of his second wife are recited in *State v. Kern*, 224 Neb. 177, 397 N.W.2d 23 (1986), this court's opinion determining Kern's direct appeal, and therefore need not be repeated here in detail. It is sufficient merely to note that Kern, distressed over his second wife's announced plan to divorce him, choked her to death with his bare hands. At trial, the prosecution, over defense objection, adduced testimony to the effect that Kern had once, in a fit of jealousy, choked his then estranged first wife to the point of unconsciousness with his bare hands.

In his direct appeal, Kern challenged the trial court's admission of the evidence concerning Kern's assault on his first wife and the sufficiency of the evidence to support the jury's implicit finding that the murder of his second wife was premeditated. This court resolved both questions against Kern, affirming the judgment of the trial court. *State v. Kern, supra.*

Thus, Kern's first two assignments of error must fail, for a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Ferrell*, 230 Neb. 958, 434 N.W.2d 331 (1989); *State v. Davis*, 228 Neb. 622, 423 N.W.2d 487 (1988). Kern seeks to evade the application of this rule by now stating that the in-court testimony of his first wife regarding the assault on her was insufficient to prove such really took place, an argument he claims was not made in his direct appeal. However, this present formulation of the contention merely rephrases his earlier arguments and does not avoid application of the foregoing rule. *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989); *State v. Rubek*, 225 Neb. 477, 406 N.W.2d 130 (1987).

In connection with his third and remaining assignment of error, Kern argues that the district court erred by not permitting him to amend his motion for postconviction relief, after entering its order of denial, so as to allege that he was not informed by his appointed trial counsel, nor by the trial court, of his right to take the stand in his own defense. He urges the

view that this is an error of constitutional magnitude sufficient to warrant the postconviction relief for which he prays, specifically, that his conviction and sentence be vacated and set aside and that he be discharged or, in the alternative, be granted a new trial. Thus, Kern, in effect, sought to add to his motion a claim that trial counsel was ineffective.

There is no question but that at trial a criminal defendant has a constitutional right not only to counsel but to the effective assistance of counsel. *State v. Ellefson*, 231 Neb. 120, 435 N.W.2d 653 (1989); *State v. Reddick*, 230 Neb. 218, 430 N.W.2d 542 (1988). To sustain a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense; that is, there must be a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Ditter, ante* p. 600, 441 N.W.2d 622 (1989); *State v. Wiley, ante* p. 642, 441 N.W.2d 629 (1989); *State v. Hawthorne,* 230 Neb. 343, 431 N.W.2d 630 (1988).

Moreover, one seeking postconviction relief has the burden of establishing a basis for such relief. *State v. Ellefson, supra*; *State v. Luna, supra.* An evidentiary hearing may properly be denied on a motion for postconviction relief when the records and files in the case affirmatively establish that the defendant is entitled to no relief. *State v. Luna, supra*; *State v. Reddick, supra.*

Implying no consideration of the matter but assuming for the moment that Kern is able to satisfy the first element of the ineffective assistance of counsel test, it is clear that his assertions do not satisfy the second element. Kern fails to draw this court's attention to anything he might have said on the witness stand which might have undermined confidence in the legal correctness of his conviction. Stated another way, Kern alleges nothing from which we may infer that had he testified, the result of the trial leading to his conviction would have been different. That being so, we cannot say the postconviction court erred by not permitting the requested amendment.

Not being clearly erroneous, the district court's judgment denying an evidential hearing and denying Kern's motion for

postconviction relief must therefore be, and hereby is, affirmed.

We further direct that within 15 days of the release of this opinion, the State, through the Saline County attorney, withdraw from the record in this case the exhibit 4 it offered in evidence, being a knife having a $3^1/_2$-inch-long blade and a $4^3/_4$-inch-long handle, and substitute therefor a suitable photograph. In this connection we again call the attention of the bench, bar, clerks of courts, court reporters, and other associated personnel to the longstanding provision of Neb. Ct. R. of Prac. 5H (rev. 1989) that under "no circumstances shall the clerk of the district court send to the Clerk of the Supreme Court contraband, drugs, firearms, or other weapons, unless specifically requested to do so by the Supreme Court." *State v. Byrd*, 231 Neb. 231, 435 N.W.2d 898 (1989).

AFFIRMED.