STATE OF NEBRASKA, APPELLEE, V. STEVEN W. NEARHOOD, APPELLANT.

448 N.W.2d 399

Filed November 17, 1989. No. 88-874.

Lance C. Antonson, of Hines & Hines Lawyers, for appellant.

Robert M. Spire, Attorney General, and Melanie J. Whittamore for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Defendant, Steven W. Nearhood, appeals from the denial of his motion for relief pursuant to the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985). He asserts, in summary, that the postconviction court erred in (1) failing to grant him an evidential hearing on those allegations within his motion which do not relate to his claimed ineffectiveness of counsel and (2) overruling his motion for postconviction relief. We affirm.

On June 10, 1985, Nearhood, pursuant to a plea agreement, pled guilty to conspiracy to commit escape. He later moved to withdraw his plea, but the trial court, after hearing, denied the motion. Nearhood was then sentenced to imprisonment for a period of 5 to 10 years. In his direct appeal to this court, Nearhood asserted that the trial court erred in not allowing him to withdraw his guilty plea and that the sentence imposed was excessive. This court affirmed the trial court's judgment. *State v. Nearhood*, 223 Neb. 768, 393 N.W.2d 530 (1986) (*Nearhood I*).

On September 16, 1987, Nearhood filed the motion which is now before us. He alleges therein that (1) the bill of exceptions is inaccurate, thereby depriving him of the right to appeal guaranteed by article I, § 23, of the Nebraska Constitution; (2) the presentence report received by the trial court was biased and contained uncorrected errors, by reason of which he was denied the due process guaranteed by article I, § 3, of the Nebraska Constitution and the 5th, 6th, and 14th amendments to the U.S. Constitution; (3) the omission from the bill of exceptions of counsels' closing remarks and the trial court's statements in imposing sentencing violates article I, §§ 3 and 11, of the Nebraska Constitution and the 5th, 6th, and 14th amendments; and (4) he did not receive effective assistance of counsel at the trial level in violation of article I, § 11, of the Nebraska Constitution (guaranteeing an accused the right to defend by counsel) and the 6th amendment to the U.S. Constitution as made applicable to the several states by the 14th amendment.

The postconviction court ordered an evidential hearing with respect to Nearhood's allegation that he had not been provided effective assistance of counsel, but denied Nearhood a hearing

on the first, second, and third allegations set forth above.

The record establishes that the information charging Nearhood with conspiracy to escape was irregular in that the heading of the information indicated that Nearhood had been charged with a "Class III Felony," but the body of the information described a Class IV felony. At Nearhood's arraignment, the trial court suggested that the county attorney amend the information by interlineation so that the body of the information would conform with the heading and reflect the true situation, that a Class III felony was being charged. Nearhood's then trial attorney, hereinafter referred to as Nearhood's initial attorney, did not object to this amendment. According to the initial attorney, the amendment to the information was consistent with the plea agreement contemplated by the parties. However, according to Nearhood, the amendment was not consistent with such plea agreement.

Nearhood subsequently sought to withdraw his guilty plea, and his initial attorney withdrew from representing him. The trial court then appointed a second attorney, who represented Nearhood during the hearing on Nearhood's motion to withdraw his guilty plea, the sentencing hearing, and the subsequent direct appeal to this court which is the subject of *Nearhood I*.

We begin our analysis by recalling certain well-established applicable principles. The first among these is that an evidential hearing may be denied a movant for postconviction relief when the records and files in the case affirmatively establish that the movant is not entitled to relief. *State v. Kern*, 232 Neb. 799, 442 N.W.2d 381 (1989); *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989); *State v. Reddick*, 230 Neb. 218, 430 N.W.2d 542 (1988).

Furthermore, in a proceeding under the act the movant must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or federal Constitution, causing the judgment against the movant to be void or voidable. *State v. Start*, 229 Neb. 575, 427 N.W.2d 800 (1988). A court is not required to grant an evidential hearing on a motion which alleges only conclusions of law or fact; nor is an evidential hearing required under the Nebraska Postconviction

Act when (1) the motion does not contain sufficient factual allegations concerning a denial or violation of constitutional rights affecting the judgment against the movant, or (2) notwithstanding proper pleading of facts in a motion for postconviction relief, the files and records in the movant's case do not show a denial or violation of the movant's constitutional rights, causing the judgment against the movant to be void or voidable. *Id.*

One seeking postconviction relief has the burden of establishing a basis for such relief. *State v. Kern, supra*; *State v. Luna, supra*; *State v. Cole*, 224 Neb. 10, 395 N.W.2d 532 (1986); *State v. Landers*, 212 Neb. 48, 321 N.W.2d 418 (1982). A movant is not entitled to postconviction relief merely on his or her own bald assertions or because he or she believes that he or she did not enjoy a perfect trial. *State v. Landers, supra.* Thus, a conviction will not be set aside in the absence of a showing of actual prejudice. *State v. Cole, supra.*

The short and dispositive answer to Nearhood's first summarized assignment of error, which, as noted earlier, challenges the postconviction court's denial of an evidential hearing on his first, second, and third alleged grounds for relief, is that those grounds present issues which could have been raised in the direct appeal to this court. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Kern, supra*; *State v. Ferrell*, 230 Neb. 958, 434 N.W.2d 331 (1989). See, also, *State v. Bostwick, ante* p. 57, 443 N.W.2d 885 (1989).

In any event, as the discussion which follows demonstrates, the grounds on which postconviction relief is claimed are without merit. Nearhood's first ground for postconviction relief asserts that the bill of exceptions from the original proceeding is inaccurate in that lines 1 through 8 of the first page "are from a previous proceeding" and that "certain testimony has been deleted." However, Nearhood does not indicate what testimony may have been deleted, nor does he tell us how the alleged inaccuracy may have affected his conviction. The eight lines he claims are from a different proceeding

basically consist of the trial court's asking the attorneys if they were ready to proceed; any alleged inaccuracy within this portion of the bill of exceptions obviously had no bearing on Nearhood's conviction.

In setting forth his second ground for relief, Nearhood contends that "it was prejudicial error . . . to allow the entry into evidence of the defendant's pre-sentence investigation containing, as it did, all the mistakes, error and bias, and especially when they were not corrected." However, Nearhood had the opportunity, at his sentencing hearing, to testify in detail about the presentence report, and even more importantly, the sentence imposed by the trial court is amply supported by the record, even if those portions of the presentence report to which Nearhood objects are excluded from consideration. The nonexcessiveness of his sentences is a matter specifically ruled upon in *Nearhood I*.

Nearhood argues as his third ground for postconviction relief that his constitutional rights were violated as the result of omitting from the bill of exceptions counsels' closing arguments and the trial court's statements during sentencing. While it is true that these portions of the trial and sentencing hearing were omitted from the bill of exceptions, apparently because no record was made, there is no showing the omissions prejudiced Nearhood in such a way that would render his conviction void or voidable.

The postconviction court was therefore entirely correct in denying Nearhood an evidential hearing on his first, second, and third asserted grounds for relief. The first summarized assignment of error is therefore without merit.

Remaining for consideration, then, is the second summarized assignment of error, which challenges the representation afforded him by both his initial and second attorneys. In that connection we point out that inasmuch as his second attorney had been appointed before *Nearhood I* was filed, the alleged ineffectiveness of his initial attorney is an issue which could have been raised in that direct appeal. Thus, in order for us to reach the issue of the initial attorney's ineffectiveness, we construe Nearhood's claim to be that his second attorney was ineffective in failing to raise this issue on

direct appeal.

When a postconviction movant alleges a violation of his or her constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the attorney, in representing the movant, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. Further, the movant must make a showing of how he or she was prejudiced in the defense of the case as a result of his or her attorney's actions or inactions. *State v. Ditter*, 232 Neb. 600, 441 N.W.2d 622 (1989); *State v. Gagliano*, 231 Neb. 911, 438 N.W.2d 783 (1989).

To sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Grell, ante* p. 314, 444 N.W.2d 911 (1989); *State v. Bostwick, ante* p. 57, 443 N.W.2d 885 (1989); *State v. Kern*, 232 Neb. 799, 442 N.W.2d 381 (1989); *State v. Ditter, supra*; *State v. Gagliano, supra*. We find nothing in article I, § 11, of the Nebraska Constitution which requires more.

With respect to the alleged ineffectiveness of his initial attorney, Nearhood charges that the attorney failed to (1) adequately consult with him, (2) advise him of the nature and consequences of his plea, and (3) investigate possible defenses available to Nearhood. However, while these allegations may be supported to some extent by Nearhood's deposition testimony, they are contradicted by the initial attorney's testimony at the postconviction hearing. Furthermore, at his arraignment, Nearhood discussed the factual basis of the amended charge against him, and the trial court explained the consequences of the guilty plea. Nearhood then stated he understood the charge and the penalties associated with it.

Nearhood also alleges that his initial attorney failed to turn over his entire case file to the second attorney. Assuming, but not deciding, the truth of this allegation, the fact remains that

Nearhood fails to show a reasonable probability that he may have been prejudiced by this failure.

Although the issue is not specified as a ground for relief in Nearhood's motion for postconviction relief, he also argues that his initial attorney's representation was ineffective in that he permitted the county attorney to amend the information by interlineation. Nearhood testified, and argues in his brief, that he thought he was pleading guilty to a Class IV rather than a Class III felony. Thus, Nearhood contends that his initial attorney should have objected to the court's allowing the information to be amended. However, that attorney's testimony from the postconviction hearing, along with a review of the record of the arraignment, refutes the contention that Nearhood believed he was pleading to a Class IV rather than a Class III felony.

In addition, Nearhood complains that his initial attorney failed to object to proceeding on the amended information immediately after the amendment was made. It is true that Neb. Rev. Stat. § 29-1604 (Reissue 1985) makes the provisions of Neb. Rev. Stat. § 29-1802 (Reissue 1985), dealing with indictments, applicable to informations. Section 29-1802 provides in relevant part that no one "shall be, without his assent, arraigned or called on to answer to any indictment until one day shall have elapsed, after receiving in person or by counsel, or having an opportunity to receive a copy" of the indictment. It is also true that said time requirement applies to informations which have been amended. *McKay v. State*, 91 Neb. 281, 135 N.W. 1024 (1912), *modifying* 90 Neb. 63, 132 N.W. 741 (1911). However, not only does Nearhood not tell us how he was prejudiced by this failure, but the right is merely a statutory one, not one of the constitutional magnitude required for postconviction relief.

With respect to his second attorney's representation, Nearhood first argues that that attorney did not adequately consult with him prior to the motion to withdraw his guilty plea and that, thus, the second attorney was not adequately prepared to proceed on this motion. This contention is refuted by the second attorney's testimony at the postconviction hearing; moreover, the record does not support a claim that

Nearhood was in any way prejudiced by any alleged lack of preparation by appellate counsel.

Nearhood next argues that the second attorney was ineffective in failing to "bring out, in its entirety, defendant's reasons for his change of plea, i. e., coersion [sic] and both mental and physical harassment inflicted by the sheriff and by the chief deputy, prior to the defendant's entry of his plea of guilty . . . ." However, this court specifically addressed and decided this issue adversely to him in *Nearhood I.*

Nearhood also argues that his second attorney failed to raise on direct appeal "all viable issues which were a proper subject for appeal . . . ." Particularly, Nearhood first contends that the second attorney should have assigned as error the trial court's decision to appoint second counsel as opposed to allowing Nearhood to proceed pro se. However, Nearhood fails to provide any indication of how he was prejudiced by the appointment of counsel on his behalf. This court has held that absent a showing of such prejudice, a criminal conviction will not be reversed. (See *State v. Kirby*, 198 Neb. 646, 254 N.W.2d 424 (1977), in which this court determined that the defendant was not prejudiced either by being represented by counsel or by the trial court's denial of self-representation.) Furthermore, except for Nearhood's deposition testimony, the record fails to show that Nearhood ever objected to the person appointed as his second attorney. In fact, the record reveals that Nearhood attempted to contact his second attorney regarding his case immediately after he learned that the attorney had been appointed as his counsel. Thus, it cannot be said that the second attorney was ineffective in not raising this issue on appeal.

Nearhood further complains that his second attorney was ineffective in failing to raise on direct appeal the issue of the disparity between the sentences imposed on him and the coperpetrator in the case. However, the mere fact that a defendant's sentence differs from those which have been imposed on coperpetrators in the same court does not, in and of itself, make the defendant's sentence an abuse of discretion; each defendant's life, character, and previous conduct may be considered in determining the propriety of the sentence. *State v. Spotted Elk*, 227 Neb. 869, 420 N.W.2d 707 (1988). Thus, this

was not a viable issue on appeal.

Finally, Nearhood argues that the second attorney was ineffective in failing to address on direct appeal the purported errors and bias in the presentence report. This is the same issue raised by Nearhood's second stated ground for postconviction relief, an issue on which the postconviction court refused to grant an evidential hearing. As previously discussed, this issue does not provide a basis for finding reversible error. Consequently, the second attorney's failure to raise this issue on direct appeal does not represent a sound basis for finding that Nearhood did not receive effective assistance of counsel.

It must be remembered that "[a] defendant is not constitutionally entitled to receive a 'perfect trial,' only a fair and constitutional trial." *State v. Hochstein*, 216 Neb. 515, 519, 344 N.W.2d 469, 472 (1984), *cert. denied* 469 U.S. 873, 105 S. Ct. 226, 83 L. Ed. 2d 156. The postconviction court held an evidential hearing with respect to Nearhood's claim of ineffective assistance of counsel and determined that Nearhood was not entitled to postconviction relief. It cannot be said that this determination was clearly erroneous.

There being no merit to Nearhood's summarized assignments of error, the judgment of the postconviction court is affirmed.

AFFIRMED.