STATE OF NEBRASKA, APPELLEE, V. GARY A. KEITHLEY, APPELLANT.

473 N.W.2d 129

Filed August 23, 1991. No. 90-991.

Gary A. Keithley, pro se.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

Mark Andersen, amicus curiae.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The defendant, Gary A. Keithley, has appealed from the order of the trial court which denied his motion for postconviction relief filed on July 5, 1990.

On February 28, 1984, the defendant was convicted of first degree sexual assault and was sentenced to imprisonment for 15 to 25 years. The judgment was affirmed in *State v. Keithley*, 218 Neb. 707, 358 N.W.2d 761 (1984).

The defendant's 15-year-old daughter testified that the defendant had forced her to perform oral sex with him as a form of punishment. The victim's sister testified that when she herself was about 13 years old, the defendant began to approach her almost weekly to engage in oral sex. The sister further testified that this activity led to sexual intercourse

within 6 to 8 months. When the sister was 17, she filed charges against the defendant which resulted in his conviction in 1980 for incest.

On August 21, 1985, the defendant filed a motion for new trial on the basis of newly discovered evidence, alleging that the victim had committed perjury during the trial. On November 21, 1985, the public defender filed a petition for a writ of error coram nobis on the same ground. Hearings were held on November 22 and December 30, 1985. The motion and petition were dismissed on January 14, 1986. That judgment was affirmed in *State v. Keithley*, 223 Neb. xxiii (case No. 86-080, May 21, 1986).

On July 5, 1990, Keithley filed a pro se motion to vacate or set aside his conviction pursuant to Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1989). The motion alleged the State prosecutor failed to (1) endorse the names of two witnesses and (2) provide Keithley with unspecified reports from the Omaha Police Division and Child Protective Services. Keithley asserts that as a result of this alleged prosecutorial misconduct, he was denied the "right to confrontation and/or effective cross-examination," the right to a fair and impartial trial, and the right to due process under the U.S. Constitution and the Nebraska Constitution. See, U.S. Const. amends. VI and XIV; Neb. Const. art. I, §§ 3 and 11.

The trial court, on examination of the motion of Keithley and a review of the files and records in the case, determined that the State's witnesses had been properly endorsed and that the prosecutor was not required to provide Keithley and his counsel with unspecified reports from the police and Child Protective Services. On September 21, 1990, the trial court denied an evidentiary hearing on the motion, denied the motion for appointment of counsel, and denied the motion for postconviction relief.

A defendant seeking postconviction relief has the burden of establishing the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Whitmore, ante* p. 125, 469 N.W.2d 527 (1991); *State v. Salas*, 237 Neb. 546, 466 N.W.2d 790 (1991); *State v. Otey*, 236 Neb. 915, 464 N.W.2d 352 (1991). One

moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or federal Constitution, causing the judgment against the movant to be void or voidable. *State v. Dixon*, 237 Neb. 630, 467 N.W.2d 397 (1991); *State v. Otey, supra*; *State v. Thomas*, 236 Neb. 553, 462 N.W.2d 862 (1990).

The defendant claims the trial court erred in (1) finding that the prosecutor was not required to provide unspecified reports from the police and Child Protective Services, (2) denying an evidentiary hearing, (3) refusing to appoint counsel for him, (4) refusing to allow him to amend his postconviction motion, (5) refusing to liberally construe the facts and allegations in the motion so as to find a claim for ineffective assistance of counsel, and (6) not granting postconviction relief.

The defendant's first claimed error alleges the trial court erred in finding that the prosecutor was not required to provide unspecified reports from the police and Child Protective Services. The record does not show that the defendant or his counsel ever requested the prosecutor or the trial court, either prior to trial or since, to produce the unspecified reports. See Neb. Rev. Stat. § 29-1912 (Reissue 1989). The record does not identify the reports in question or why they would have been of any benefit to the defendant.

At the time of trial the defendant and his counsel knew of the alleged reports, but they did not raise the issue on the direct appeal.

A motion for postconviction relief cannot be used to secure review of issues which have already been litigated on direct appeal, or which were known to the defendant and counsel at the time of trial and which were capable of being raised, but were not raised, in the defendant's direct appeal.

*State v. Dillon*, 224 Neb. 503, 507, 398 N.W.2d 718, 720-21 (1987). Accord, *State v. Otey, supra*; *State v. Nearhood*, 233 Neb. 767, 448 N.W.2d 399 (1989); *State v. Kern*, 232 Neb. 799, 442 N.W.2d 381 (1989). See *State v. Keithley*, 218 Neb. 707, 358 N.W.2d 761 (1984).

The defendant next contends that the trial court erred in denying the postconviction motion without an evidentiary

hearing. The applicable rule is that an evidentiary hearing may properly be denied on a motion for postconviction relief when the records and files of the case affirmatively establish that the defendant is entitled to no relief. *State v. Marshall*, 233 Neb. 567, 446 N.W.2d 733 (1989); *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989); *State v. Reddick*, 230 Neb. 218, 430 N.W.2d 542 (1988). In this case, all of the relevant facts are found in the defendant's motion and the files and records of the case. The files and records affirmatively disclose that the defendant was not entitled to relief, and the trial court did not err in refusing an evidentiary hearing.

The defendant's third assigned error contends the district court erred in refusing to appoint counsel for him on his motion for postconviction relief. This contention is also without merit. Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant. See § 29-3004. In the absence of a showing of an abuse of discretion, the failure to provide court-appointed counsel in postconviction proceedings is not error. *State v. Rehbein*, 235 Neb. 536, 455 N.W.2d 821 (1990); *State v. Wiley*, 228 Neb. 608, 423 N.W.2d 477 (1988); *State v. Paulson*, 211 Neb. 711, 320 N.W.2d 115 (1982). Furthermore, "[w]here the record fails to present a justiciable issue of law and fact to the court in a postconviction action, it is not an abuse of discretion to fail to appoint counsel . . . ." *State v. Rehbein, supra* at 545, 455 N.W.2d at 827. Accord *State v. Wiley, supra*. Since the defendant's claims are procedurally barred and are without merit, there was no justiciable issue of law or fact and no abuse of discretion by the trial court.

The defendant's fourth assigned error contends that the trial court erred in failing to allow him the opportunity to amend his postconviction motion. This issue is not addressed in the defendant's brief. See Neb. Ct. R. of Prac. 9D(1)d (rev. 1991). To be considered by the Supreme Court, an error must be assigned and discussed in the brief of one claiming that prejudicial error has occurred. *City of Lincoln v. ABC Books, Inc., ante* p. 378, 470 N.W.2d 760 (1991). Therefore, this alleged error will not be considered.

The defendant next contends that the trial court erred in

refusing to liberally construe the facts and allegations in the postconviction motion so as to find a claim for ineffective assistance of counsel. This contention is without merit. The entire 18-page postconviction motion revolves around how alleged prosecutorial misconduct prejudiced his right to confront and cross-examine the witnesses. Although the defendant contends the alleged failure to provide him with reports from the police and Child Protective Services prejudiced his right to confront and cross-examine witnesses as guaranteed by the U.S. Constitution and the Nebraska Constitution, the defendant fails to identify the reports or show how they would have been of benefit to the defense.

Since the defendant has not shown that his rights under the U.S. Constitution and the Nebraska Constitution were either denied or infringed so as to render his conviction void or voidable, there is no merit to this alleged error.

Finally, the defendant alleges that the trial court erred in failing to grant postconviction relief. Since the record shows that the findings of the trial court were not clearly erroneous, it was not error to refuse postconviction relief.

The judgment of the district court is affirmed.

AFFIRMED.